*IN ERROR.*
.......
ALBANY,
February, 1815.
FIREM. INS. CO.
v.
WALDEN.

</div>

———————

THE NEW-YORK FIREMEN INSURANCE COMPANY, } *Plaintiffs in Error.*

*against*

JACOB I. WALDEN and THOMAS WALDEN, *Defendants in Error.*

THIS cause came up from the supreme court on a writ of error. For the facts in the case, and the judgment of the court below, see S. C. *ante* p. 128—139.

PLATT, J., assigned the reasons for the judgment of the court below, which were the same as those stated in the report of the case in the supreme court.

The cause was argued by *S. Jones*, jun. and *Wells*, for the plaintiffs in error; and by *Griffin* and *Henry*, for the defendants in error.

*For the plaintiffs in error*, it was contended, 1. That there was a concealment of certain letters and matters, relative to the conduct and character of the master, which were material to the risk, and ought to have been disclosed to the plaintiffs in error, at the time the policy was underwritten. And to this point, were cited, *Marshall on Insurance, Condy's ed.* 315. 465. 468, 469. n. 74. 473. n. 75. 1 *Wm. Bl.* 594. 3 *Burr. Rep.* 1909. 3 *Dallas*, 491. 4 *Bos. & Pull.* 151. 1 *Caines' Rep.* 57. *Doug.* 306. 2 *P. Wms.* 107.

2. That under the circumstances of the case, the policy did not protect the ship against the barratry of *Cartwright*, the master; and that there was not sufficient evidence of barratry to entitle the plaintiff below to recover on that ground. To this point

<div style="text-align:right">

What facts in the knowledge of the assured are material,and necessary to be communicated to the assurers at the time of effecting the insurance, is matter for a jury, exclusively, to determine; and the judge, in his charge to the jury, though he may express his opinion as to the materiality of the facts, for their assistance, or by way of advice, in cases of doubt and difficulty, ought not to give them a positive direction or opinion as to the materiality of the facts concealed, so as to prevent the jury from exercising their own judgment, and deciding for themselves. Whether information or facts, known to the assured, as to the carelesness, extravagance, and want of economy in the master, be material, and ought to be disclosed to the insurer, at the time of effecting the policy? *Quære.*

</div>

were cited, 6 *Term Rep.* 283. 1 *Johns. Rep.* 229. *Marshall on Ins.* 534. n.

3. That the materiality of the concealment was a question of fact, and ought to have been left to the jury; and to this point were cited, 1 *Johns. Rep.* 522. *Marshall*, 470. n. 74. 473. b. 476.

4. That the judge before whom the cause was tried, admitted improper evidence, and misdirected the jury.

*For the defendants in error*, it was insisted, 1. That this was a clear case of a loss by the *barratry* of the master. 6 *East*, 126. 2 *Binney's Rep.* 274. 2 *Caines, Rep.* 72. *Cowp.* 143. 1 *Johns. Rep.* 229. 8 *Johns. Rep.* 272. *Parke on Ins.* 119.

2. That the charge of the judge to the jury, relative to the concealment, was correct; and that the implied warranty of seaworthiness, includes the nautical skill, and good moral character of the master, and so no disclosure was necessary. *Park on Ins.* 300, 301. *Marshall on Ins.* 475. 4 *East*, 590. 1 *Campbell's N. P. Rep.* 421. 4 *East*, 596, 597. *Marshall*, 154. 473. n. 74.

3. That the materiality of the alleged concealment, was wholly a matter of fact. *Parke on Ins.* 273, 274. 13 *East*, 47. 4 *Bos. & Pull.* 151. 3 *Dallas*, 494, 495. 6 *Cranch*, 274. 279. 281. 338. 340. 1 *Johns. Rep.* 523—528.; and that no bill of exceptions would lie as to the opinion of the judge at the trial, on a matter of fact. *Bull. N. P.* 316. 1 *Bac. Ab.* 529. tit. *Bill of Exceptions.* 2 *Caines Rep.* 163. 168. 8 *Johns. Rep.* 507. 515. That the remedy, if any, was by a motion for a new trial, on the ground that the verdict was against evidence. That the late act, requiring bills of exceptions to be returned into the supreme court, (1 *N. R. L.* 319. sess. 36. ch. 3. s. 4.,) did not intend to extend them to matters to which they did not before reach.

*The Chancellor.* This case comes up upon a bill of exceptions, and we are accordingly to be confined to the objections taken at the trial, and appearing on the face of the bill. The question is, whether there was error in the charge which the learned judge delivered to the jury. This charge was, "that the several matters given in evidence, on the part of the plaintiffs, were, in his opinion, conclusive evidence of the *barratry* of

IN ERROR.
.......
ALBANY,
February, 1815.

FIREM. INS. CO.
v.
WALDEN.

the master of the vessel, on the voyage ; and that the plaintiffs were not bound to communicate, or disclose, to the defendants, any of the letters, matters, or circumstances, which were, at the time of the insurance, in their possession, relative to the master ; and that the matters given in evidence, on the part of the defendants, were not sufficient to maintain the issue on their part, or to bar the action of the plaintiffs ; and that if the jury agreed with him in opinion, they ought to find a verdict for the plaintiffs ;" and with that charge, he left the matter to the jury.

The counsel went at large into the discussion of the question, whether the assured were bound to communicate to the underwriters, at the time they applied for insurance, the letters and other knowledge they possessed of the improper conduct of the master. But it appears to me that this question is not for the decision of this court, because, whether the circumstances relative to the master ought to have been disclosed, depends upon the question, whether those circumstances were material to the risk ; and the materiality is a question of fact for a jury, and not a question of law for the court. It is a well-settled principle in the law of insurance, that what facts, in the knowledge of the assured, are material, and necessary to be communicated to the underwriter, when insurance is asked for, is for a jury to determine ; and I will briefly notice a few cases, in illustration of this point. My whole opinion will rest upon the admission and the solidity of this principle.

In *Macdowall* v. *Fraser*, (*Doug.* 260.) it was assumed by the K. B. as a given point, and it was said expressly by one of the judges, that the materiality of a certain representation to the underwriters was proper for the consideration of the jury ; and in the case of *Shirley* v. *Wilkinson*, which came before the same court, two years afterwards, (*Doug.* 306. n.,) Lord *Mansfield*, and the rest of the court, were of opinion, that if the assured, at the time when the policy is effected, in representing to the underwriters the state of the ship, and the last intelligence concerning her, does not disclose the whole, and what he conceals shall appear material to the jury, they ought to find for the underwriter, though the concealment should have been innocent. The next case I shall mention, is that of *Willes* v. *Glove*, (4 *B. & P.* 14.,) in which the court of C. B. admit the same doctrine ; and on the question whether the concealment of a certain letter was material, the court held the verdict to be against evidence, and awarded a new trial ;

IN ERROR.
......
ALBANY,
February, 1815.
⁓⁓⁓⁓
FIREM. INS. CO.
v.
WALDEN.

and they declared, that though great respect was due to the opinion of the jury, still they thought their judgment on that point had been too hastily formed, and that the case ought to be reconsidered. In *Lyttledale* v. *Dixon*, (4 *B. & P.* 151.,) the same court, afterwards, unanimously, and very explicitly declared their opinion, that every material circumstance must be disclosed; but that it was for the jury to say, how far any given circumstance was material.

From these cases it appears, that the principle which I have stated as the ground of my opinion, is settled in the *English* courts, and I will now show that it is as explicitly acknowledged in our *American* law.

- In *Livingston* v. *Delafield*, (1 *Johns. Rep.* 522.,) the supreme court of this state declared that, whether certain information which the assured knew, and did not communicate, became material, was a question of fact that the jury were to decide; and the same doctrine had been previously advanced by the most distinguished counsel, (*Hamilton* and *Harison*,) and evidently acquiesced in by the court, in a case which arose some years before. (1 *Caines' Rep.* 229.) So, in *Murgatroyd* v. *Crawford*, (3 *Dallas*, 491.,) in the supreme court of *Pennsylvania*, Ch. J. *Shippen* declared, that if, in the opinion of the jury, a knowledge of the circumstances that were suppressed, would have induced the insurer to demand a higher premium, or to refuse altogether to underwrite, it would be sufficient to invalidate the policy. Again, in the case of *Marshall* v. *Union Insurance Company*, decided in the circuit court of the *United States* for the district of *Pennsylvania*, (1 *Condy's Marshall*, 473. b. n.,) the court left it pointedly to the jury to judge of the materiality of circumstances not disclosed. And, to conclude with the highest judicial authority in this country, the supreme court of the *United States* has decided, on two different occasions, *Livingston* v. *Maryland Insurance Company*, and *Maryland Insurance Company* v. *Rudens*, (6 *Cranch*, 274. 338.,) that the operation of any concealment on the policy depends on its materiality to the risk, and that this materiality was a subject for the consideration of a jury, and must be left to them. One of those cases was considerably analogous to the one now before us. It came up on error, founded on a bill of exceptions taken at the circuit, and the court say that the effect of a misrepresentation, or concealment, depends on its materiality to

IN ERROR.
.......
ALBANY,
February, 1815.
~~~~~
FIREM INS. Co.
v.
WADDEN.

the risk ; and this must be decided by a jury, under the direction of the court ; and, in that case, said the Ch. J., it had not been decided, and, consequently, a *venire facias de novo* was awarded, to the end that a jury might pass upon the question of a material concealment.

It is thus settled, (as far as authority goes,) beyond all doubt or contradiction, that, whether the matters not disclosed in this case were material, was a question that ought to have been submitted to the consideration and decision of the jury ; and here, I apprehend, lies the error committed by the learned judge, that he has given a binding direction to the jury, upon matter of fact, as if it had been matter of law. It appears to me, that the true and necessary construction of the charge, as stated in the bill, is, that it was a positive direction, in point of law, as to the materiality of the non disclosure, and that it must have been so received and obeyed by the jury. If the charge had been intended as a mere opinion to the jury, on a matter of fact, on which they were to exercise their judgment, the jury would, undoubtedly, have been told, that the defence in the case rested upon the question of the materiality of the letters and facts not disclosed, and that it was for them to judge, from the evidence, whether the disclosure would have varied the premium, or increased the risk, in respect of the barratry of the master ; and that if the jury should be of opinion that the facts not disclosed were in that sense material, they must find for the defendants ; and that, if they thought otherwise, they must find for the plaintiffs. This would have been the language of a charge suited to the submission of such a point ; and we have an example of this species of charge (if, indeed, an example can be wanting) in the bill of exceptions taken in the case of *Smith* v. *Carrington*, (4 *Cranch*, 64.) If, then, the judge had deemed it proper to add his own opinion on that fact, for the assistance or satisfaction of the jury, it might have been done with utility, and with safety. But the charge, as stated in the case, is not of this nature, but it is in the usual style and language of a direction of the court, on matter of law. The precedent of a bill of exceptions, which was cited from *Buller's N. P.* 317., and which is given as for misdirection, is in the language of the charge in this case. " And the said chief justice did then and there (says the precedent) declare and deliver his opinion to the jury, that the said several matters so pro-

IN ERROR.
......
ALBANY,
February, 1815.

FIREM. INS. CO.
v.
WALDEN.

duced and proved, on the part of the defendants, were not, upon the whole case, sufficient to bar the plaintiff of his action ; and, with that direction, left the same to the jury." There is a precedent of a bill of exceptions given in 3 *Burr.* 1742., and which was taken to a charge on the subject of search warrants, made by Lord *Camden,* when Ch. J. of the C. B. ; and the language of this very authentic precedent is almost in the very words of the one before us : "And the said chief justice did then and there declare and deliver his opinion to the jury, that the said several matters so produced and proved, on the part of the defendants, were not, upon the whole case, sufficient to bar the action, and, with that opinion, left the same to the jury."

In this case, from *Burrow,* it was never doubted but that the opinion of the chief justice, so stated in that bill, was taken and received as a direction in point of law ; and if the charge in the case before us is not to be deemed of that character, it will be impossible, hereafter, to discriminate between a charge containing a positive direction in point of law, and mere advice on a matter of fact. I shall not enter into any minute criticism on words. No one who consults the precedents can well be at a loss for the meaning of this charge. The language of the learned judge was, that the plaintiffs were not *bound* or *required* to make the disclosure ; that the matters offered in evidence were *not sufficient* to bar the action, and nothing was said about the *weight of evidence* for the consideration of the jury. If even it was doubtful, by the bill, whether the charge was intended as *direction,* or otherwise, the result of my opinion would be the same ; because, when the judge interposes his opinion to the jury, on a point of fact, it ought not to be left in doubt in what light they are to receive his charge. In order to preserve a just balance between the distinct powers of the court and the jury, and that the parties may enjoy, in unimpaired vigour, their constitutional right of having the law decided by the court, and of having the fact decided by the jury, every charge should distinguish clearly between the law and the fact, so that the jury cannot misunderstand their rights or their duty, nor mistake the opinion of the judge upon matter of fact, for his direction in point of law. The distinction is all-important to the jury. The direction of the judge, in the one case, is obligatory upon their consciences, and so they will,

IN ERROR.
......
ALBANY,
February, 1815.

FIREM. INS. CO.
v.
WALDEN.

and so they ought to, regard it; but his opinion, in the other case, is mere advice, and the jury are bound to decide for themselves, notwithstanding the opinion of the judge, and to follow that opinion no further than it corresponds with the conclusions of their own judgment. Unless this distinction be kept steadily in view, and be defined with all possible precision, the trial by jury may, in time, be broken down, and rendered nominal and useless.

I am far from wishing to restrain the judges of the courts of law from expressing freely their opinions to the jury on matters of fact, and still less of interfering with their power of controlling the mistaken verdicts of juries, by a liberal exercise of the discretion of awarding new trials. No man can be more deeply sensible of the value and salutary tendency of this judicial aid and discretion, and none, certainly, can possess higher confidence in the character and wisdom of the court whose judgment is now under review. All that I feel it my duty to contend for is, that whenever the judge delivers his opinion to the jury on a matter of fact, it shall be delivered as mere opinion, and not as direction, and that the jury shall be left to understand, clearly, that *they* are to decide the fact, upon their own view of the evidence, and that the judge interposes his opinion only to aid them in cases of difficulty, or to inspire them with confidence in cases of doubt. It is for this principle that I feel solicitous, and not for any thing that may have taken place in this particular cause. The case before us is, comparatively, of trifling consequence; but the distinction I have suggested goes to the very root and essence of trial by jury, and may, indeed, become of inestimable value, and, perhaps, of perilous struggle, when the present generation shall have ceased to exist.

I am disposed to hand to posterity the institution of juries as perfect, in all respects, as we now enjoy it, for I believe it may, in times hereafter, be found to be no inconsiderable security against the systematic influence and tyranny of party spirit, in inferior tribunals.

Had the bill of exceptions been represented to the court below, in the view I have now considered it, I am satisfied that that court would have unanimously recognised the justness of the principle for which I contend. Their attention was wholly drawn to the question of the materiality of the proofs.

If, then, the charge of the learned judge is to be considered

IN ERROR.
ALBANY,
February, 1815.

FIREM. INS. CO.
v.
WALDEN.

(as I think it must be) as a declaration to the jury, that the papers and facts not disclosed, were, *in judgment of law*, immaterial, then the jury have never passed their own judgment upon the materiality of those proofs; and the cause ought to be remanded to another jury. This is the necessary course in such a case. Thus, in *Davies* v. *Pierce*, (2 *Term Rep.* 53. 125.,) evidence was rejected, and a bill of exceptions taken, and the K. B. held the evidence admissible, and a *venire de novo* was awarded; and the judges, in that case, said, that " as the jury had not exercised any judgment upon the whole of the question, it ought to be submitted to them for their consideration, and that when they held that the evidence should have been received, they did not determine that it was conclusive; but only that it ought to have been submitted to the jury, and that what effect it would have upon their minds, it would be impossible to say." That case is analogous to the present one in principle; for whether evidence be rejected, or the jury be charged that in law it is of no avail, amounts to the same thing, as to its effect with the jury.

I have not deemed it necessary to examine, critically, the evidence in the case, in order to determine whether certain facts were material to have been disclosed, because, as I have already attempted to show, *that* question was for a jury, and is not within the province of this court; I shall only add, that it does not appear to me to be a very clear point, that the evidence withheld from the underwriters was immaterial, and, therefore, as well on account of the importance of that question in this particular case, as on general principles of law, it ought to be submitted to the consideration of a jury.

I am, accordingly, of opinion, that the judgment of the supreme court be reversed, and that the cause be remanded, with directions that a *venire de novo* be awarded.

*March 28th, 1815.*    A majority of the court (a) being of this opinion, it was thereupon ORDERED and ADJUDGED, that the judgment of the supreme court be reversed, and that a *venire de novo* be awarded, for the trial of the issue joined between the parties in the said court; and that the costs in this court abide the final decision of the cause.

<div align="right">Judgment of reversal.(b)</div>

(a) For reversing, 10. viz. *Bishop*, *Bloom*, *Cochrane*, *Crosby*, *Keys*, *P. W. Radcliff*, *Stewart*, *Swift*, *Tabor*, and *Van Schoonhoven*, SENATORS: and for affirming, 8, viz. *Arnold*, *Atwater*, *Hager*, *Prendergast*, *Rouse*, *Tibbits*, *Van Buren*, and *Van Bryck*, SENATORS.

(b) See *Fisher's executors* v. *Duncan and another*, (1 *Hening & Munford*, in S. C. of *Virginia*, 563.} S. P.