*46
 
 Jones, J.
 

 delivered the opinion of the court. If the statement of the insured in their application as to contiguous buildings was, in the legal acceptation of it, a warranty that there was no other building within the distance of ten rods from the premises insured, the fact of the actual existence of other buildings there at that time would falsify the warranty and be fatal to the action, whether the risk was thereby ^ increased or not. Was there such a warranty ? Confessedly not in .express terms. The statement of the assured related in terms only- to the nearest buildings, and did not import that those buildings were the only ones within the circuit of ten rods. This is the literal and common sense meaning of the terms used. Viewing the statement by itself and not as an answer to any special inquiry put to the applicants, it could receive but one interpretation. It would plainly import that the buildings mentioned were the nearest on the several sides of the insured premises, and no other meaning could be assigned to it without the addition of language not used.
 

 But this communication, it may be said, was an answer to an inquiry by the company, calling for information as to contiguous buildings, and intended to elicit full information of all the buildings within that distance, and that they had a right to consider, and treat it as a full answer to that inquiry, and as intended to impress them with the belief and conclusion that the buildings thus specified were the only buildings within the said circuit, or range of ten,rods. But was that the inquiry, or were the applicants so to understand it? I think not. The call was not for all the buildings within ten rods of the applicant’s premises, but for the distance of those premises from other buildings in any direction, if less than ten rods. It was important to know what space there was between the buildings to be insured and
 
 those
 
 nearest thereto, if any there were at a less distance therefrom than ten rods, that being the largest range of vacant space that was deemed of any importance. That it may be of use to know what buildings are within a given distance in its entire extent, and how they are occupied, and used, may be admitted; but the danger of the communication of fire to the insured build-, ing from other buildings, arises chiefly from their contiguity or
 
 *47
 
 near approach thereto, and it increases with the diminution of distance. The distance, therefore, of the nearest buildings in different directions, is by far the most important subject of inquiry. Instances may occur of buildings or establishments of extreme hazard, such as powder mills, or buildings for the deposit or storage of articles liable to explode or take fire, existing in the vicinity, which, though not the nearest, are yet so near as to involve the insured premises in their own hazards; and in such cases good faith and duty might impose on the applicant the necessity of disclosing- the fact to render the contract obligatory upon the insurers. It seldom happens, unless through the agency of such extreme hazards, that a fire extends beyond the next adjoining building; but the nearest building to the one on fire, when contiguous to it, or with but a very small vacant space intervening between them, is often involved in the same calamity ; hence it is that so -much importance is always attached to vacant spaces and distances between the buildings insured and those standing nearest to them. And thus we see that in this case and in others, to some of which we are referred, the information called for is the distance of the tenements from other buildings; sometimes, but not in all cases, extending the inquiry to otber'matters also connected therewith.
 

 When, therefore, these insurers inquired of the plaintiff in error what the distance was of the tenements offered for insurance from other buildings, if less than ten rods, would not, or might not, the plaintiffs understand that the information sought of them was how near the buildings in each direction approached to them ? That these assured did understand the call in that sense is obvious. Their answer shows it. And that answer is an apt response, and makes a full communication of the information asked for in that sense of the call. The statement was intelligible and clear. It stated the distance of their tenements from the buildings nearest thereto in every direction. It did not profess to state all the buildings within ten rods. The very term “ nearest,” used by them, implied that there were or might be other buildings more remote, but within the range of ten rods. The insurers were satisfied with the communication, and accepted it as sufficient If the object and intention of their in
 
 *48
 
 quiry and call for information had been a full statement and communication to them of all the buildings within the ten rod circuit, and the distance of the applicants’ tenements from each of them, would they not have called for an explanation and further answer, as they must have seen that the nearest buildings only were given, and that those were not stated to be the whole. The acceptance of the communication in that form, and acting upon it in issuing the policy, would certainly seem to show that they intended by their call to ask for the very information they obtained.
 

 That the insurers so understood the matter is further manifest from the circumstance that they originally contested this claim on other grounds. It was not until after the decision of the cause of
 
 Burrit
 
 v.
 
 The Saratoga County. Mutual Fire Insurance Company,
 
 (5
 
 Hill,
 
 188,) was known, that this ground of defence was taken; and it was on the authority of that case that the circuit judge nonsuited the plaintiffs and that the supreme court gave their judgment. But that case does not in my view of it apply to or govern this. In that case the application contained a marginal note as follows: “relative situation as to other buildings, distance from each, if less than ten rods.” This inquiry was answered with the description of five buildings as standing within ten rods from the building insured. There were five other buildings, and among them a cabinet maker’s shop, standing within ten rods of the insured premises, and not mentioned in the 'application. • The tenement insured -was an ordinary risk, and taken at 15 per cent. The rate for a cabinet maker’s shop was from 25 to 30 per cent. A fire which com- ■ menced in the cabinet maker’s shop, communicated to’the plaintiffs’ tenement and damaged it to $850, to recover which the suit was brought. The defence was, the concealment or omission
 
 io
 
 state the fact -of the existence within the ten rods of the other buildings, and particularly the cabinet maker’s shop, which were standing within that distance from the premises insured, and the court sustained it. Mr. Justice Bronson, who delivered the opinion of the court, adverting to that point, observes, that the plaintiff was required to state the relative situation of his store to other buildings, and - the distance from
 
 each
 
 if less than
 
 *49
 
 ten rods: to this he answered by stating five buildings within the ten rods; and that, although he did not in terms say there was no other building within the ten rods, he must have intended that his answer should be received and understood by the company as affirming that' fact; and as the answer was to be regarded as parcel of the contract, he found it difficult" to resist the conclusion that the plaintiff had agreed that there were no other buildings within the ten rods than those mentioned in the application. He was strongly inclined to the opinion, he said, that there was a warranty, but that there was another feature in the case which rendered it unnecessary to settle that question. In cases of insurance against marine risks, the assured is bound, he observed, although no inquiry be made, to disclose every fact within his knowledge which is material to the risk. He would not apply that doctrine in its full extent to policies against fire: but when explicitly called upon for information the applicant for such policy of insurance was equally bound to make a true and full representation concerning all the matters brought to their notice; and any concealment would have the like effect as in the case of a marine risk. In the case before him, he said the plaintiff was plainly and directly called upon to state the relative situation of the store as to all other buildings within the distance of ten rods, and he omitted to mention several buildings which stood within that distance, and among the number one far more hazardous than' that to which the policy applied; and if there could be any doubt that the facts concealed were material to the risk, the question, he said, should have been left to the jury. But he proceeded to say that there was another view of the .case which was still more decisive against the action, that the assured, in the case before him, was required by the conditions annexed to the policy, and by the form of application he used, to give the information he withheld ; and that it was one of the “ conditions of insurance” that if he should make any misrepresentation or concealment “ in the application,” the policy should be “ void and of no effect”—that the parties had thus, by their contract, placed a misrepresentation or concealment in "relation to particular facts upon the same footing as a warranty. They had agreed that the
 
 *50
 
 misrepresentation or concealment should avoid the policy; and the court had nothing to do with the inquiry whether the fact misrepresented or concealed was material to the risk or not.
 

 These views of the case of
 
 Burrit
 
 v.
 
 The Saratoga County Mutual Fire Insurance Company,
 
 appear to me conclusive against the application of it to the case now before this court. The call of the insurers upon the assured in that case was clear, direct,, and specific, requiring him to state “the relative situation of his tenement as to other buildings—distance from
 
 each
 
 if less than ten rods;” and the answer enumerated five, but omitted all notice or mention of the rest. It is this feature of that case, and the express agreement of the assured in the conditions annexed to the policy, that misrepresentation or concealment of any fact should avoid the contract, which distinguish it from the case now before the court; and those were the points on which the decision in that case obviously turned. In the present case the inquiry was widely different. It simply required a statement of the distance (of the tenements) from other buildings, “ if less than ten rods;” not calling for the distance from
 
 all or from each
 
 of the buildings within the ten rods, but grouping them together and asking for the distance from “ other buildings” collectively. It was a request to be informed of the vacant spaces between the applicant’s tenements and other buildings, and with that request they fully complied. At any rate, if the inquiry was not so intended, it was so understood by the applicants; and they were not undeceived or apprized that a broader inquiry was intended.
 

 This company cannot complain, as the company in the case referred to did, that they were misled by the applicant’s answer. There, to the request to be informed of the “relative situation of the store as to other buildings, and the distance from
 
 each
 
 if less than ten rods,” the reply was a statement of five buildings as within that distance; which it was held must be understood as an affirmance that those five were all the buildings within that distance. Here, to a request to be informed of the distance merely of the tenements from other buildings, without any further explanation, the applicants respond by stating the nearest buildings in all directions where there was any building within
 
 *51
 
 the ten rods. How could the company be misled by that answer
 
 1
 
 It did not profess to give all the buildings within that distance, but those only which were nearest to the applicant’s tenements. It virtually disclaims the averment that the buildings specified were the whole, by stating them to be the nearest.
 

 In the case of
 
 Jennings
 
 v.
 
 The Chenango County Mutual Insurance Company,
 
 (2
 
 Denio,
 
 75,) in a similar application for insurance, among other particulars, there was the following request or head of information called for, viz. “
 
 relative situation as to other buildings—distance from each if less than ten
 
 rodsand the space for the answer was thus filled up,
 
 “
 
 the mill is bounded by space on all sides.” There was a large barn standing within six rods of the mill. This was held to be a warranty that there was no building within ten rods of the mill, which the existence of the barn within that distance falsified : on the ground, I presume, that the answer “ that the mill was bounded by space on all sides,” was to be understood and taken as an affirmance that there was no building in any direction within ten rods of the mill. And if a warranty, that a fact does not exist, can be implied by the omission to state or mention it, when interrogated as to its existence, without any declaration or statement of its non-existence, then it may be that the answer thus given did imply such warranty. That such silence or omission to disclose or state such a fact, if known to the party and material to the risk, might vitiate the contract, I can readily admit. Its effects as a warranty I do not so clearly see. But if it could have that operation in a case where, to such an inquiry, an answer is given in effect negating the existence of any building within the given distance, when there did in fact exist one within that distance, it would not follow that the same rule could be applied, or the same effect be given, to an answer which necessarily admits the existence of buildings within the ten rods, by specifying those standing
 
 nearest
 
 to the applicant’s tenement, but does not profess or assume to give all the buildings that stand within that distance. Such an answer, if a warranty at all, is an express warranty that
 
 *52
 
 those buildings so specified as being the nearest, are in fact the nearest buildings to the applicant’s tenements, and no warranty can be implied from it that they were all the buildings within the distance of ten rods therefrom. The decision in that case was right, for there the answer to the call was a concealment and suppression by the applicant of the fact of the existence of the bam within that distance, which must have been known to him; and one of the conditions annexed to the policy in that case was that
 
 any
 
 misrepresentation or concealment in the application should render the policy void. It was equivalent, in its effect, in that respect, to a warranty.
 

 There is no such condition or agreement in the policy in this case, or the condition annexed thereto, or in the by-laws of the company; and unless the answer to the request in the application is to be deemed a warranty that no other building than those mentioned did exist or stand within ten rods of the applicant’s tenements, the ruling of the judge at the trial and the judgment of the supreme court were erroneous and must be reversed. In coming to this conclusion I am not to be understood as intending to overrule or question the principle that the assured, in a policy against fire, are bound, when inquired of, to give full answers to the questions put to them, and to withhold no information material to the risk fairly called for, at the peril of forfeiting all rights under the policy, whether the same be withheld fraudulently or not; but the circuit judge went further, and held that on the principle of the case of Burrit against the Saratoga county mutual fire insurance company, as he understood and applied it, the plaintiff’s right to recover was defeated upon the ground that the fact of the existence of buildings within ten rods of the insured tenements at the time of the insurance not mentioned or described in the plaintiff’s application, was of itself conclusive against his recovery; thus precluding all inquiry into the materiality of the omission to the risk: where, as I understand the rule, assuming the omission to state or describe those buildings in the application, to be a concealment of which the company had a right to avail themselves in their defence, the question presented, in the absence of war
 
 *53
 
 ranty, would be upon the materiality of the fact concealed to the risk, "and that question was for the jury, and ought to have been submitted to them.
 

 Judgment reversed and new trial granted.1