## TEMPLETON V. PEOPLE.

*Evidence — expert testimony cannot be disregarded.   Trial — when exception to charge sufficient*

At a trial for an assault with intent to kill, a physician had testified that cer tain facts relied upon by the defense to establish the prisoner's insanity indicated unsoundness of mind.  The court charged the jury that he placed no reliance whatever upon this witness's testimony beyond what was due to the testimony of a sensible and honest gentleman, and that he had equal respect for the opinion of the jury who were as competent perhaps to pass upon the testimony as experts.  To this the prisoner's counsel excepted upon the ground that it was a direction to the jury to disregard the physi cian's testimony.  Thereupon the court responded: "There is no more reliance to be placed upon it than upon the testimony of any other person in this case.  I regard you, gentlemen of the jury, as equally skilled, and as able to decide from the evidence whether or not the prisoner was insane, as Dr. Clymer" (the witness). *Held,* (1) that the charge contained in the response was error upon the ground stated in the exception, and (2) that the exception was sufficient to present the point for review and there was no necessity for its repetition.

ERROR to the New York court of General Sessions to review the conviction of Duncan D. Templeton, the plaintiff in error, for assault with intent to kill.  The facts appear in the opinion.

*John D. Townsend,* for plaintiff in error.

*Daniel G. Rollins, Jr.,* for people.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

DANIELS, J.  The prisoner was convicted of committing an assault upon his wife with intent to kill.  The perpetration of the act constituting his offense was substantially conceded on the trial; but it was claimed in his behalf that he was at that time insane. The peculiar form of the disease which he was alleged to be affected by was that of delusion concerning supposed or assumed danger to the virtue of his wife, and her exposure to improper influences in that respect from the purposes and inclinations of her family relatives.  There was evidence given tending in some degree to show that to have been his mental condition before, and at the

time when the criminal act was charged to have been committed by him. While the defense made in his behalf was by no means a strong one, there was still enough of it, as long as the charge imputed a crime, to render it the subject of consideration and decision by the jury. And it was so regarded at the trial, for it was submitted to them in that view by the learned judge presiding.

An important part of the evidence upon this subject was given by Meredith Clymer, a witness, who was sworn and examined on behalf of the prisoner. He was a physician professing to understand the indications and symptoms of the existence of insanity, by which it was claimed the prisoner was affected, and testified that the facts relied upon in his favor indicated unsoundness of mind. When the case was submitted to the jury, the learned judge stated to them that he placed "no reliance whatever upon Doctor Clymer's testimony, except what is due to the testimony of a sensible and honest gentleman; but I have equal respect for the opinions of you, gentlemen, who, as men of the world, having attained a mature age, and seen life in many of its phases, are quite as competent, perhaps, to pass upon this testimony as experts, as is Doctor Clymer." This was not a positive direction to the jury to disregard the evidence of the witness, although quite a decided opinion that it was their duty to do so. A mere expression of opinion as to the effect of the evidence, which still allows the jury to be guided and governed by their own convictions, forms no proper ground for an exception. That may be proper and even necessary under certain circumstances, to enable the jury to give appropriate consideration to evidence requiring their judgment.

The evidence of witnesses, who are brought upon the stand to support a theory by their opinions, is justly exposed to a reasonable degree of suspicion. They are produced not to swear to facts observed by them, but to express their judgment as to the effect of those detailed by others; and they are selected on account of their ability to express a favorable opinion, which there is great reason to believe is in many instances the result alone of employment, and the bias arising out of it. Such evidence should be cautiously accepted as the foundation of a verdict, and it forms a very proper subject for the expression of a reasonably guarded opinion by the court. That is often necessary to prevent the jury from being led astray by giving too much weight to evidence, really requiring to be suspiciously watched, and which, in many instances, has induced

unwarranted verdicts, discreditable to the administration of justice, as well as exceedingly detrimental to the public interests, when the comments of the court are extended no further than that. No fault can be found with them on the part of the accused.

But in the present case, what was said upon the subject was supposed by the prisoner's counsel to go so far beyond the mere expression of an opinion as to constitute a positive direction that the jury should disregard the evidence given by this witness; and an exception was taken to it, because it was believed to be of that character. The proposition was presented by the exception that the court could not properly direct the jury "that no reliance should be placed in Dr. Clymer's testimony," the jury having as much capacity to determine upon that as Dr. Clymer. The statement of the point excepted to was clear and explicit that the jury could not be directed to put no reliance on the testimony of this witness. That had not been done, but the point was taken by the exception that such a direction should not be given. And it was immediately followed by the response that "there is no more reliance to be placed upon it, than upon the testimony of any other person in this case; I regard you, gentlemen of the jury, as equally skilled, as much skilled and as able to decide from the evidence, whether or not the prisoner was insane as Dr. Clymer." This was more than a mere comment by way of opinion, as to the effect which might be given to the statements of the witness. It was equivalent to a direction to disregard it, by giving it no weight whatever; and that presented the point taken by the exception, just as effectually as if the exception had been again repeated. It was to the controlling direction which in the end was given that the exception was taken, and as it was taken to the proposition itself, there was no need of repeating it again after that had been stated by the court. The direction was excepted to, and that is all that is required to entitle the prisoner to present it for the determination and decision of this court. That it was erroneous is too clear for doubt, for, under the well-settled rules of law, the effect of competent evidence is a matter to be disposed of by the jury, under all the circumstances and probabilities of the case; that is particularly their province in the trial of criminal charges, where the question of guilt is exclusively to be decided by them, and they must be left at liberty to exercise their judgment on the subject without being controlled by any positive direction from the court. 1 Greenl. on Ev. (12th ed.), § 49, and

note § 160, *Firemen Ins. Co.* v. *Walden*, 12 Johns. 513, 519; *People* v. *Quin*, 1 Park. 340 ; *Breen* v. *People*, 4 id. 380 ; *Duffy* v. *People*, 26 N. Y. 588. That freedom was not afforded them, concerning that portion of the case which was affected by the evidence of the witness Clymer.

The other exceptions presented by the prisoner's counsel do not appear to rest upon any substantial foundation. But if either of them could be plausibly supported, it would be unnecessary to consider it as long as the one referred to will necessarily require another trial of the indictment.

The judgment of the court of General Sessions should be reversed and a new trial ordered.

DAVIS, P. J. The evidence of medical experts is admitted on questions of insanity on the ground that jurors are not deemed equally skilled or as much skilled, and as able to decide from the evidence whether the alleged insanity existed as are such experts. The law holds that there is more reliance to be placed upon it than upon the testimony of any other person, and, therefore, it does not permit other persons to give the same kind of evidence. The jury is in all cases to determine what weight is to be given to such testimony, but to instruct them that the opinion of experts is entitled to no weight, or to no greater weight than the opinions of persons not allowed to give any, or to instruct the jury that they are deemed equally skilled, and as able to decide from facts proven, whether such facts are indication of the disease known as insanity as are experts in that branch of medical science, is to overturn the theory of the law and the established rules of evidence on that subject. I think the learned Recorder committed a substantial error in his charge. My only difficulty is in holding that the exception reached the error. But I am inclined to think that the safer rule is to apply the exception as it was intended to be, to an instruction supposed to be given, and immediately enunciated in response to the exception. I shall concur, therefore, with my brother DANIELS.

*Judgment reversed and new trial ordered.*