## BOOS v. WORLD MUTUAL LIFE INSURANCE COMPANY.

*Evidence — expert testimony — jury judges of weight of. Insurance — life policy — conditions — forfeiture. Agency — when insurer estopped by acts of agent. Pleading — breach of warranty in insurance contract must be averred. Practice — objection that verdict is against evidence.*

Where the testimony of experts, and that of those not experts, as to facts, is in conflict, it is for the jury, and not the court, to determine the credence to be given to each.

An application for a life insurance policy contained an inquiry whether the applicant had various diseases named, "or any serious disease," to which the answer was "no." The policy contained provisions making it void in case the answers to the application were not in all respects true. *Held*, that upon conflicting evidence it was a question of fact for the jury whether sunstroke and pneumonia were serious diseases within the meaning of the policy, etc.

The agent of the insurance company, receiving the application, told the applicant that it was not necessary to state that he had had a sunstroke, in the application. *Held*, that the company were estopped from setting up that such omission to state was a breach of the condition of the policy.

In respect to the necessity of pleading and proving a breach of warranty in an action on an insurance policy, the court *held*, "although there is some conflict in the decisions, we are of opinion that in order to avoid a policy on the ground of a breach of warranty, such breach must be averred and proved."

The objection that a verdict was against the weight of evidence, *held* not available upon appeal from a judgment only.

APPEAL by defendant from a judgment in favor of plaintiff entered upon the verdict of a jury.

The action was brought by Peter Boos against The World Mutual Life Insurance Company, upon a policy of life insurance issued by defendant upon the life of Valentine Boos, the father of the plain-

tiff. The insured died in Germany in February, 1873, of tubercular consumption. The policy was issued in March, 1870. It contained among others the following condition : "That the statements and declarations made in the application therefor, and on the faith of which it is issued, are in all respects true, without the suppression of any facts relating to the health or circumstances of the insured affecting the interests of the said company, and the covenants therein contained are binding upon the parties to this policy." It also provided that the policy should become null and void by reason of the violation of any of its conditions.

Among the questions and answers contained in the application were the following :

"11. What employments has the party been engaged in ? Answer. Gardener.

"12. Has the party ever had any of the following diseases : apoplexy, asthma, * * consumption, disease of the heart, dropsy, epilepsy, fits, palpitation, * rheumatism, disease of the brain, or any serious disease ? Answer. No.

"16. Has the party ever met with any severe personal injury ; if so, what ? Answer. No.

"17. Has the party had during the last seven years any severe sickness or disease ; if so, state the particulars and the name of the attending physician who was consulted and prescribed ? Answer. No.

"18. Is the party now afflicted with any disease or disorder of any kind ; and if so, what ? Answer. No.

"25. Has the party employed or consulted individually any physician ? Answer. No. My family physician is Dr. Hertzog, Newark. Only for a cold."

"27. Has any previous examination or application been made for assurance on the life proposed (question calls for particulars) ? Answer. No."

Defendant introduced evidence tending to show that the answers to each of the questions mentioned were untrue, and evidence contradicting or explaining that of the defense was given on behalf of plaintiff. Such other facts as are material appear in the opinion.

*Joshua M. Van Cott* and *William P. Prentice,* for appellant, cited 3 Kent's Com. 283; *Schuchardt* v. *Allens,* 1 Wall. 359 ;

*Foot* v. *Sabin*, 19 Johns. 154; *Rudd* v. *Davis*, 3 Hill, 287; *Monk* v. *Union Mutual Life Ins. Co.*, 6 Robt. 455; *Ripley* v. *Ætna Ins. Co.*, 30 N. Y. 136; *Snow* v. *Columbian Ins. Co.*, 48 id. 427; *First National Bank* v. *Insurance Co. of N. America*, 50 id. 45; *Pierce* v. *Empire Ins. Co.*, 62 Barb. 636.

*Bergen, Ivins & Bergen,* for respondent.

Present — TAPPEN and GILBERT, JJ.

GILBERT, J. We have not been able to discover any error in the judgment below. The judge, at circuit, gave full and accurate instructions to the jury, and if it was his duty to submit the case to them, their verdict should not be disturbed.

The case of *Smith* v. *Ætna Life Ins. Co.*, 49 N. Y. 211, was a case of bare-faced fraud, established by uncontradicted testimony. It is not, we think, a precedent for the determination of this case. Here all the facts in issue were disputed. Taking the testimony of the physicians alone, it might be conceded that the defense was proved. Still it was a case for the jury, because the facts to which other witnesses, more numerous, testified, are scarcely reconcilable with the testimony of the physicians. Although the witnesses for the plaintiff are not experts, I suppose it is not within the province of the court to say, whether any, and if so, how much less credence is due to their testimony than to that of others who are experts. Even physicians are fallible, and they may be biased or suborned. An engineer may testify to his opinion in regard to a fact resting on the proposition that, the three angles of a triangle are equal to two right ones, and yet, if the fact is contradicted by other witnesses who are not engineers, it is the duty of the court to submit the question to the jury, notwithstanding it may appear to be unreasonable to disbelieve the engineer. See remarks of PORTER, J., in *People* v. *Gonzalez*, 35 N. Y. 62, 63.

We are asked to determine as a legal proposition upon contradictory evidence, that "sun-stroke" and "pneumonia" are "serious" diseases within the meaning of the policy. We think the court is not warranted in so doing. Similar questions have been uniformly held to be questions of fact; for example, whether circumstances not communicated to the insurer were *material* to the risk. *N. Y. Fireman's Ins. Co.* v. *Walden*, 12 Johns. 513; *Gates*

v. *Madison Co. Mut. Ins. Co.*, 2 N.Y. 43 ; and whether a weapon used by a prisoner indicted for making an assault with intent to do bodily harm, is "sharp or dangerous." *Nelson* v. *People*, 23 N. Y. 293. In short, whether there be any evidence is a question for the judge ; whether sufficient evidence is for the jury. *Company of Carpenters* v. *Hayward*, 1 Doug. 374, per BULLER, J.; 1 Phil. Ev. (10th ed.) 4.

It may be added, that the fact of the sunstroke was communicated to the agent of the company who received the application, at the time it was made, and that he told the assured it was not necessary to state it in the application. This act of the agent binds the company not to set up the statement, omitted at their own suggestion, as a breach of the warranty. See cases *infra*.

With respect to the allegation of the falsity of the statement made by the assured, that he had not been examined on an application for insurance previous to his application to the defendants, we think the evidence, on that subject at least, required the submission of that question to the jury. The testimony leads very directly and forcibly to the inference that the examination of Dr. Derby, ostensibly for the Knickerbocker Company, was made on the same occasion when that on which the defendants acted was made, and that both examinations were made at the instance of the same person, namely, one North, who was in fact the agent of both companies, and acted as such. The examination, which it is claimed was previous to the one taken by the defendants, as appears by the certificate of Dr. Derby, the examiner, and by his testimony, was made March 30, 1870. He recollects none of the circumstances attending the transaction. The date of the application of the assured in the case before us is March 27, and that of the medical examiner annexed to it is March 30, 1870. The policy is dated March 28, 1870. The plaintiff and the witness Rice both testify that they attended the assured when he was examined that it was made at the office of the agent, North, and neither of them were aware that there was more than one examination. Rice testifies that he prepared the application, excepting the answer to question, and then North was called in ; that he was not sure whether he had one or two examiners, and that North transacted business for several companies including the Knickerbocker. North was not called as a witness, nor was there any evidence that

he was not the agent of the Knickerbocker Company, and of the defendants.

Assuming these facts to be true, we think the company is estopped to deny that they were fully informed that the examination by Dr. Derby was not a breach of the warranty, because, 1. It was not made upon an application to the Knickerbocker Company by the assured. 2. It was procured by North, and all the facts attending it were known to him. 3. There is no positive evidence that it was made before the application in this case was received ; on the contrary, the date of that application and of the policy would seem to preclude the claim of the defendants to set up the other examination as a prior one to that on which the policy in suit was issued. That the defendants are bound by the acts of North is settled by the case of *Plumb* v. *Cattaraugus Mut. Ins. Co.*, 18 N. Y. 392, which was affirmed in *Rowley* v. *Empire Ins. Co.*, 36 id. 550, and again in *Owens* v. *Holland Purchase Ins. Co.*, 56 id. 565. The principle is evidently just. A contrary one would enable the defendants to avail themselves of a gross fraud, perpetrated by their own agent, to relieve themselves of the obligation of a contract fairly made.

No breach of warranty arising out of the reply of the assured to the question, "what employments has the party been engaged in ?" having been averred in the defendants' answer, the claim made by them on that ground was properly disregarded on the trial, and cannot be considered here. Although there is some conflict in the decisions on this subject, we are of opinion that, in order to avoid a policy on the ground of a breach of warranty, such breach should be averred and proved. *Leete* v. *Gresham Life Ins. Co.*, 15 Jur. 1161 ; *Swick* v. *Home Life Ins. Co.*, 2 Dill. 160.

An exception was taken to the refusal of the judge to charge as requested, "that if Dr. Kuchler attended the assured for ten days in 1865, in an attack of pneumonia, as described in his evidence, there was a breach of warranty." We think it is not tenable, for the reason that it is not mentioned among the specific diseases in respect to which inquiry was made of the assured, and, therefore, he made no false statement relative to it, unless it was a "serious" disease, and whether it was or not, was for the jury to decide. Again, the proposition contained in the request was defective, because it made the fact that the doctor attended the assured for the disease, proof of the existence of the disease itself.

The strong point in the case, and the one on which evidently the learned counsel for the defendant relied with most confidence, was that the verdict was against the weight of the evidence.    But such an objection is not available on an appeal from a judgment only. A review of the facts cannot be had unless there has been a motion for a new trial at circuit or special term, or unless the undisputed facts are insufficient to sustain the judgment.    Code, §§ 265, 348, and Wait's notes.

Even if this question was properly before us, we should hesitate much before reversing the judgment on that ground.

The omission of the defendants to interrogate the assured specifically, whether he had been afflicted by "sunstroke" or "pneumonia," furnishes some evidence that those diseases were not "serious" ones within the contemplation of the parties to the contract, and there is no evidence that the assured acted in bad faith in giving his answers to the questions put to him on this subject.    Knowledge, or good or bad faith on the part of the assured, it is true, is not important in determining the legal effect of a warranty.    Still they may very properly be regarded in exercising the discretion to grant or refuse a new trial.

The judgment should be affirmed, with costs.

*Judgment affirmed.*