### CAFFERY *v.* JOHN HANCOCK MUT. LIFE INS. CO.

*(Circuit Court, E. D. Michigan.* March 15, 1886.)

1. LIFE INSURANCE—WAIVER OF STATUTORY PROVISION.
   An act of the legislature provided that, upon the payment of the first premium upon a policy of life insurance, the policy should remain in force for a certain time for the full amount thereof, "anything in the policy to the contrary notwithstanding." *Held*, that this act might be waived by the express agreement of the parties, by the substitution of a non-forfeitable policy of a different character.

2. SAME—BENEFICIARY BOUND BY ORIGINAL CONTRACT.
   The beneficiary of a policy is bound by all the terms of the original contract entered into between the insured and the company.

This is an action upon a policy of life insurance for $1,000. The facts were all stipulated, and were substantially as follows:

(1) The defendant is a corporation, organized and existing under the laws of the state of Massachusetts prior to the dates of any of the statutes of the state hereinafter mentioned.

(2) On the fifteenth day of November, 1880, one John F. Mills, of Michigan, made his written and printed application to the defendant for insurance on his life for $1,000, for the term of 20-year endowment, and in said application agreed as follows, to-wit:

"In consideration of the agreement of said company that the policy to be issued on this application, if accepted, shall not be forfeited for non-payment of any premium, but in case of failure to pay any premium shall become a paid-up policy for an amount proportional to the premium paid, it is hereby agreed that every person accepting or acquiring any interest in said policy waives the benefit of chapter 186 of the Laws of 1861 of the commonwealth of Massachusetts, if it should be held that said chapter applies thereto; and agrees that said chapter shall constitute no part of said policy, and will accept said provision for a paid-up policy in lieu of the provisions of said chapter."

(3) After the execution and delivery of said application by said Mills to the defendant, on December 4, 1880, it issued to him its policy of insurance, whereby, in consideration of the premium of $47.98, to be paid on or before December 4th, in every year, it promised to pay $1,000 to said Mills 20 years from date, or, in case of his prior decease, to his sister, the plaintiff, 60 days after due notice and proof of his death, deducting the premium, if any, for the balance of the policy year. It was further provided in said policy as follows:

"After one or more premiums shall have been paid, this policy shall not become forfeited or void by the non-payment of any subsequent premium, but shall remain in force for an amount *pro rata* to the number of premiums paid, to-wit, for one-twentieth of the amount insured for each and every premium paid. This contract is made and to be performed in the commonwealth of Massachusetts."

(4) After the payment of the first premium, and the failure to pay the second, and on the twenty-seventh day of October, A. D. 1882, the insured died, and due notice and proof was made. The policy was then in force to the full amount if chapter 186 hereinafter mentioned applied thereto. Thereupon the plaintiff claimed the application of the statute of 1861, c. 186, and demanded the full amount of insurance, $1,000; but the defendant contended that chapter 186 of the Laws of 1861 did not apply to said policy; or, if it did, that by reason of the waiver of the statute, and the agreement by the insured to accept the provision made for a paid-up policy for an amount ratably proportional to the number of premiums paid, to-wit, one-twentieth of $1,000 for each premium paid, the plaintiff was entitled to receive $50, which it offered to pay the plaintiff.

(5) Judgment is to be rendered for the plaintiff for $50, without costs or interest, in case the court sustains the contention of the defendant; and for $1,000, and interest from December 27, 1882, and costs, in case the court sustains the contention of the plaintiff.

A jury was waived.

*Chas. A. Kent,* for plaintiff.

*Alfred Russell,* for defendant.

BROWN, J. The question is as to the applicability of the statute, and as to whether it was waived by the provisions of the policy. The statute of Massachusetts, passed in 1861, to which this policy was

made subject, provided that no policy of insurance hereafter issued by any company chartered by the authority of the commonwealth shall become void or be forfeited by the non-payment of the premium thereon, etc. There follows a provision that the first premium shall constitute what is called a temporary insurance; and if the statute applied to the policy, the plaintiff, as appears by the stipulation, was insured to the amount of $1,000, the full amount of the policy, for some two years after the payment of the first premium. When he died he would have been entitled to receive the full amount of the policy, although after the expiration of what is called the temporary insurance the policy would become absolutely void. The second section of the chapter provides that if the death of the party occur within the term of the temporary insurance covered by the value of the policy, if no condition shall have been violated by the insured, the company shall be bound to pay the amount of the policy the same as though there had been no lapse of the premium, "anything in the policy to the contrary notwithstanding."

This policy, instead of being issued in the ordinary form, provided specially that upon the payment of the premium the policy should be non-forfeitable, and should stand good for that portion of the sum insured which the premium represented. The policy having been a 20-year endowment policy, and the first premium having been paid, it continued good for $50, or one-twentieth of the amount insured.

The plaintiff insists that this provision of the statute could not be waived, and that as the period of the temporary insurance provided by it had not expired, she is entitled to recover the entire amount of her policy. The vital question, then, is whether it was competent for the parties to waive the provision of the statute in express terms. We have no doubt that the statute was intended to apply to all policies, "anything to the contrary notwithstanding," as the statute expressly says; and that if the policy had been an ordinary one the party would have been entitled to the whole sum insured. It is questionable whether the policy actually issued was not a more beneficial one for the insured than the one provided for by the statute; because if the temporary insurance had expired, the policy, by the statute, became void, and nothing could be recovered upon it, although the first premium had been paid; but under the stipulation in the policy it did not become void, but only became a policy for the *pro rata* amount of the sum insured; that is, in this case, for one-twentieth. In this particular case it operates unfortunately for the insured, because having died while the temporary insurance was still in force he would, under the statute, be entitled to the entire sum insured, whereas under this policy, as already stated, he would be only entitled to one-twentieth of this amount.

The question, then, is whether it was competent for the parties to waive the provisions of the statute. It is objected by the plaintiff that the statute must apply, *first*, because the pleadings set up no

such agreement, and hence none is admissible. In this connection she relies upon the seventeenth rule of the circuit court, which provides that "in case the company or person issuing such policy shall rely, in whole or in part, upon the failure of the plaintiff to perform or make good any promise, representation, or warranty not contained in such policy, but set forth in any other paper or instrument in the hands of said insurer, the notice under the general issue shall declare the same, and indicate the breach relied on." We are clearly of the opinion this rule does not apply to this case, as the defendant offers the application, not for the purpose of showing that the plaintiff has been guilty of a breach of warranty, but to prove what the contract actually was. In such case the general rule applies that all papers executed at or about the same time are admissible to show the whole agreement between the parties. The parties are not limited to any one agreement under the rule, but all contemporary documents may be admitted to show the entire agreement.

*Second.* That the application in question is no part of the contract sued upon, as it is in no way referred to in the policy. This objection is covered by the remark already made that all contemporaneous papers are admissible to show the contract between the parties.

*Third.* That it cannot bind Mrs. Caffery, who never heard of it, and whose rights were fixed at the time the policy issued. We understand the rule to be that when the policy has once issued and taken effect, no agreement can be entered into between the insurance company and the person whose life is insured to the detriment of the beneficiary under the policy, but that the beneficiary is bound by the contract entered into between the assured and the company. While she cannot be prejudiced by subsequent agreements, she is bound by whatever covenant or agreement was entered into at the time the policy was issued.

*Fourth.* The law was for the benefit of the insured, and by its very terms the insured could not waive this benefit. The insurer must pay the loss if the policy was in force as provided by the statute, anything in the policy to the contrary notwithstanding. We think, however, that a party may waive the benefit of this statute. The words "anything in the policy to the contrary notwithstanding," in our opinion, were intended to apply to the ordinary forms of policies, which provide that there shall be a forfeiture if the premium be not promptly paid; but if the parties choose to adopt any other form of policy which shall be non-forfeitable, we think it within their power to agree that this form shall be substituted for the statutory form, and that the statute may thus be waived by the express agreement of the parties.

This question came before Mr. Justice CLIFFORD in the case of *Desmazes* v. *Mutual Ben. Life Ins. Co.,* 7 Ins. Law J. 926. Desmazes, the husband of the plaintiff, died in 1876, after payment of the first premium and part of the second, and due notice and proof

of his death were given by the plaintiff to the defendant. No further payment of premium was made by the plaintiff. Except paying the premium, all conditions of the policy were fulfilled by the plaintiff. The court said:

"The parties agree that if the court shall hold that the Massachusetts statute of 1861, *c.* 186, applies to the contract made between the plaintiff and the defendants, then judgment shall be rendered in favor of the plaintiff for the sum of $925, with interest; otherwise the judgment shall be for the plaintiff in the sum of $85.98, with interest from the same date. * * * Nothing is contained in the statute to indicate that the legislature intended to withdraw the clear right which the insured had, outside the statute, to waive the non-forfeiture provision if the other party consented, and to accept a different stipulation, of a more favorable character, in lieu of the same. * * * By the express terms of the contract the insured was at liberty to omit paying the premiums at the times and place mentioned in the policy, and in that event the policy did not become forfeited or void, but became a paid-up policy for the amount, proportioned to the premiums previously paid. Fifty dollars it is stipulated shall be paid in that event for every annual premium previously paid in fulfillment of the contract between the parties, which, as the plaintiff contends, tends strongly to show that the policy did not become forfeited, and the case does not fall within the said Massachusetts statute. * * * Cases often arise where a party is at liberty to waive statutory provisions in his favor, and Mr. Sedgwick lays it down, as a general rule, that where no principle of public policy is violated, parties may waive the provisions of a statute which, if fulfilled, would operate in their favor, and that proposition is fully sustained by many other authorities. * * * When the parties undertake in the policy itself to declare the meaning and effect to be given to its stipulations, they have a right to do so, except in cases where there is some provision in the statute to indicate an intention on the part of the legislature to control the action of the parties in that respect. There is nothing of the kind contained in the original act referred to, as it is plain that its terms do not apply to any other than Massachusetts corporations."

The court held that the provisions of the statute might be waived.

We think it a strong authority for the proposition contended for, although the case went off upon the ground that the act only applied to Massachusetts corporations.

The case of *Farmers' & Drovers' Ins. Co.* v. *Curry,* 13 Bush, 312, also holds that the statute providing that "all statements and descriptions in any application for the policy of insurance shall be deemed and held representations and not warranties," does not prevent parties from contracting that such statements and descriptions shall be considered part of the contract, and warranties by the assured, and that any false representations by the assured of the condition, situation, or occupation of the property shall render the policy void. The case holds, substantially, that a statutory provision of that kind may be waived. That this was also the construction given to the statute by the Massachusetts legislature is evident from the subsequent Acts of 1881, *c.* 63, § 1, and 1882, *c.* 119, § 161, in both of which it was expressly provided that any waiver by the assured of the benefits of the act should be void. If the legislature had considered that the provisions of the prior act could not be waived, this clause would be entirely nugatory.

It is further claimed by the plaintiff that the letter of the state agent to the assured estops the company from disputing the fact that the policy had not lapsed. But the policy expressly provides that no person except the president or secretary is authorized to make or waive contracts. The agent had no authority to put a construction upon this contract different from that which the law puts upon it.

Upon the whole, we have come to the conclusion that the plaintiff is entitled to a judgment for $50, without costs, and as there was no tender made of the amount, no costs can be awarded to the defendant.