MUTUAL LIFE INS. CO. OF NEW YORK v. HATHAWAY et al.

(Circuit Court of Appeals, Ninth Circuit. February 4, 1901.)

No. 603.

LIFE INSURANCE — FORFEITURE — NONPAYMENT OF PREMIUM — NOTICE — NEW YORK STATUTE.

A stipulation, in an application for life insurance, made in another state to a New York company, that the application is subject to the charter of the company and the laws of New York, is not sufficient to make the policy issued thereon, and afterwards delivered in the other state, subject to Laws N. Y. 1877, c. 321, making it a condition of the company's right to forfeit a policy for nonpayment of premiums that a notice of the accruing of premiums shall be given to the insured.

In Error to the Circuit Court of the United States for the Northern Division of the District of Washington.

For former report, see 99 Fed. 534.

This is an action by the beneficiaries named in a life insurance policy issued by the plaintiff in error. The case was tried before the court without a jury. The policy was issued January 26, 1892. The first premium was then paid. The plaintiff in error is a corporation organized and existing under the laws of New York for the purpose of carrying on a life insurance business. Its principal office is in the city of New York, and it is authorized to transact business in the state of Washington. Upon the back of the policy, and as one of the provisions, requirements, and benefits therein mentioned, is the following: "Payment of Premiums. Each premium is due and payable at the home office of the company in the city of New York, but will be accepted elsewhere. when duly paid, in exchange for the company's receipt, signed by the president or secretary. Notice that each and every such payment is due at the date named in the policy is given and accepted by the delivery and acceptance of this policy, and any further notice required by any statute is hereby 'expressly waived. That part of the year's premium, if any, which is not due, and is unpaid at the maturity of this contract, shall be deducted from the amount of the claim. If this policy shall become void by nonpayment of premium, all payments previously made shall be forfeited to the company, except as hereinafter provided." The application for the policy contained the following stipulation: "This application is made to the Mutual Life Insurance Company of New York subject to the charter of the company and laws of the state of New York." It was made and signed in the state of Washington, and transmitted to New York. The policy was written in New York, and transmitted to the state of Washington, where, upon payment of the first annual premium of $113.10, it was delivered to Homer M. Hathaway. The policy provided that the premiums and the insurance when it accrued should be paid in New York, and that proof of death should be made in New York. At the time of the making and delivery of the policy of insurance it was provided by the laws of the state of New York, entitled "An act to amend chapter 341 of the Laws of 1876, entitled 'An act regulating the forfeiture of life insurance policies,'" being chapter 321 of the Laws of New York of the Year 1877, as follows: "Section 1. No life insurance company doing business in the state of New

York shall have power to declare forfeited or lapsed any policy hereafter issued or renewed by reason of the nonpayment of any annual premium or interest, or any portion thereof, except as hereinafter provided. Whenever any premium or interest due upon any such policy shall remain·unpaid when due, a written or printed notice stating the amount of such premium or interest due on such policy, the place where said premium or interest should be paid, and the person to whom the same. is payable, shall be duly addressed and mailed to the person whose life is assured, or the assignee of the policy. if notice of the assignment has been given to the company at his or her last known post office address, postage paid by the company, or by an agent of such company, or person appointed by it to collect such premiums. Such notice shall further state that unless the said premium or interest then due shall be paid to the company or to a duly appointed agent or other person authorized to collect such premium within thirty days after the mailing of such notice, the said policy and all payments thereon will become forfeited and void." Laws N. Y. 1877, p. 342. After the making and delivery of said policy of insurance, chapter 321 of the Laws of 1877 was amended by an act entitled "An act in relation to insurance corporations, constituting chapter 38 of the General Laws," the same being chapter 690 of the Laws of New York of the Year 1892 (2 Laws N. Y. 1892, p. 1972). Thereafter the last-named act was amended by an act of the legislature approved April 8, 1897 (1 Laws N. Y. 1897, p. 92). It appears from the record that the plaintiff in error did not mail to said Homer M. Hathaway, or to either of the said beneficiaries, at his or their last-known post-office address or deliver any notice whatever concerning the payment of the premium on said policy falling due next after the first annual premium paid thereon at the delivery of said policy, or of any other subsequent premium thereon, either before or after the said or any payment would become or became due under the terms of the policy or the laws of the state of New York; that at the trial it was expressly conceded by counsel for the defendant (plaintiff in error) in open court that the defendant company had not, after the issuance of the policy, given to the insured, the said Homer M. Hathaway, or both or either of the beneficiaries thereunder, any notice whatever of the falling due of any premiums upon said policy, or any notice that said policy, and all payments thereon, would become forfeited in case any of said premiums should not be paid in accordance with the terms of said policy. At the same time it was conceded by counsel for plaintiffs (defendants in error) that neither the said Homer M. Hathaway·in his lifetime, nor any one on his behalf, ever paid any premium, or any part of a premium, upon the policy except that paid at the delivery thereof, and that no other premium, or part of a premium, has been paid on said policy, nor has any tender ever been made of the same, and that neither said insured, nor either of said beneficiaries, had, at the time of issuing said policy or since, a post-office address in the state of New York. Upon these facts, the court found, as a conclusion of law, that the contract of insurance is a New York contract, "and was governed by the laws of New York as to all matters relating to its performance, and was therefore subject to a statute of that state making it a condition of the right of the defendant company to forfeit the policy of insurance for nonpayment of premiums that a certain notice of the accruing of premiums should be given in compliance with said law, notwithstanding there was indorsed on the policy an unsigned waiver of any other notice than the terms of the policy itself; that said policy, at the time of the death of said Homer M. Hathaway, was a valid and subsisting policy and contract of insurance on the life of said Homer M. Hathaway; and plaintiffs are entitled to a judgment herein against the defendant in the sum of two thousand five hundred and four dollars and one cent at this date, together with their costs and disbursements to be taxed herein."

Julien T. Davies, Edward Lyman Short, Struve, Allen, Hughes & McMicken, and Strudwick & Peters, for plaintiff in error.

Vince H. Faben, George H. Durham, and R. W. Emmons, for defendants in error.

Page, McCutchen, Harding & Knight, and Van Ness & Redman, amici curiæ.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge. From the foregoing statement, it will readily be seen that the facts, as well as the legal principles, involved herein are substantially the same as were presented to the supreme court in Insurance Co. v. Cohen, 179 U. S. 262, 21 Sup. Ct. 106, 45 L. Ed. ——. The most important question in that case, as in this, was whether the law of New York controls. It was admitted by the supreme court that, if the policy was to be governed by the laws of New York, Mrs. Cohen was entitled to recover. The court, after a review of several authorities, came to the conclusion "that the statute of the state of New York does not, under the circumstances presented, control, and that the rights of the parties are measured alone by the terms of the contract. The insured having failed to pay the premium for years before his death, the policy was forfeited." Upon the authority of that case, the judgment of the circuit court is reversed, and cause remanded for a new trial.