CARROLLTON FURNITURE MFG. CO. v. AMERICAN CREDIT INDEMNITY CO. OF NEW YORK.

(Circuit Court of Appeals, Second Circuit. April 15, 1902.)

No. 134.

**1. INSURANCE—CONTRACT—WHAT LAW GOVERNS.**

A contract of insurance in a New York company was governed by the laws of Kentucky, where the policy was delivered and the premiums paid by the insured in that state; and therefore under the Kentucky statute insured's answers in the application were representations, and not warranties, though the application warranted the answers to be true.

**2. SAME—MISREPRESENTATIONS—MATERIALITY—WHEN QUESTION FOR JURY.**

Defendant company insured plaintiff against losses on sales to debtors having a rating as to capital and credit in the last published report of R. G. Dun & Co. The application, which was made part of the contract of insurance, contained the question, "What have been your gross sales and gross losses each year during the last five years?" and it appeared that plaintiff's actual losses had been greatly in excess of the amounts stated in the answer. *Held* a material misrepresentation, as matter of law.

**3. SAME—EFFECT ON POLICY.**

A material misrepresentation will avoid an insurance policy, though made by mistake, and not with fraudulent intent.[1]

---

[1] See Insurance, vol. 28, Cent. Dig. § 540.

**4. SAME—ESTOPPEL.**

Defendant company insured plaintiff against losses on sales to debtors having a rating as to capital and credit in the last published book of R. G. Dun & Co. The application contained a question as to the gross amount of plaintiff's losses each year for the five years last past, and the actual amount of plaintiff's losses greatly exceeded the amounts stated in the answer. There was evidence that defendant's agent told plaintiff the question only called for information as to losses on sales to debtors having the mercantile agency rating, and that the answer correctly stated the amounts of such losses. *Held* that, if the incorrect answer was induced by the agent's misconstruction of the question, the company was estopped to claim that it avoided the policy.

In Error to the Circuit Court of the United States for the Southern District of New York.

Wm. H. Russell, for plaintiff in error.

Albert Stickney, for defendant in error.

Before WALLACE and TOWNSEND, Circuit Judges.

WALLACE, Circuit Judge. The trial judge directed a verdict for the defendant upon the ground that the evidence established the defense of a material misrepresentation in the application for insurance upon which the policy in suit had been issued. The policy insured the plaintiff for one year against losses on sales of merchandise to debtors having a rating "as to capital and credit in the last published book of the R. G. Dun & Company Mercantile Agency"; recited that it was issued in consideration of the application, "which is hereby made part of the contract"; and the application warranted the answers to the questions contained in it to be true.

Among the questions was this: "What have been your gross sales and gross losses each year during the last five years?" The answer stated the amount of the gross sales and gross losses for three years only,—the years 1891, 1892, and 1893; the gross sales as about $100,000 yearly, and the gross losses as $498.90 for 1891, $1,041.26 for 1892, and $818.22 for 1893. The uncontradicted evidence upon the trial showed that the gross losses of the plaintiff in 1891, and also in 1892, were nearly double the amount stated in the answer, and those in 1893 were about 50 per cent. in excess of the amount stated. Testimony was given on the trial tending to show that the amounts stated in the answers were the correct amount of the plaintiff's losses during the respective years in sales to debtors having the mercantile agency rating; that the books of the plaintiff were examined to ascertain the amount of their losses by the agent of the defendant, and the amounts were inserted in the application by the agent; and that the plaintiff signed the application, relying upon the representation of the agent that the question called for information only as to those losses, and not for information for losses sustained on sales to other debtors.

We agree with the trial judge that the contract was a Kentucky contract,—the policy having been delivered and the premiums paid at the residence of the plaintiff, in that state,—and that, because the Kentucky statute is the law of the contract, the answers were representations, and not warranties. The statute provides as follows:

"All statements or descriptions in an application for, or policy of, insurance shall be deemed and held representations, and not warranties, nor shall any misrepresentation, unless material or fraudulent, prevent a recovery on the policy."

In construing this statute it was held by the highest court of Kentucky in Insurance Co. v. Curry, 13 Bush, 312, 26 Am. Rep. 194, that it was not its meaning that a representation could not be made a warranty by the express contract of the parties, and where this had been done the statute did not reach the case; but this decision was disapproved and distinctly overruled subsequently by the same court in Insurance Co. v. Rudwig, 80 Ky. 223, and that decision has been followed in all the later decisions of the court of last resort. Insurance Co. v. Kearnan, 83 Ky. 468; Insurance Co. v. Wigginton, 89 Ky. 330, 12 S. W. 668, 7 L. R. A. 81; Insurance Co. v. Daviess' Ex'rs, 87 Ky. 547, 9 S. W. 812.

Adopting, as we must, the construction placed upon this statute by the highest courts of the state, the first questions that arise are whether the misrepresentation as to the gross losses for the three years was a material one, or one the materiality of which should have been left to the jury. That it was untrue, and departed so widely from the truth as to constitute a substantial deviation, was so clearly proved that a verdict to the contrary could not be permitted to stand. It is unimportant whether a misrepresentation has been made with a fraudulent intent, or by inadvertence or mistake, if it has been one which induced the insurer to enter into the contract. An immaterial misrepresentation, unless in reply to a specific inquiry, or made with a fraudulent intent, and influencing the other party, will not impair the contract. But if the risk is greater than it would have been if the representation had been true, according to the weight of authority, if untrue it avoids the policy, even though it was honestly made. Phil. Ins. §§ 537–542. In Carpenter v. Insurance Co., 1 Story, 57, Fed. Cas. No. 2,428, it was said by Judge Story:

"A false representation of a material fact is, according to well-settled principles, sufficient to avoid a policy of insurance underwritten on the faith thereof, whether the false representation be by mistake or design."

Where a doubt exists as to the materiality of the representation, it is a question of fact for the jury. But in this case, having been made in reply to a specific inquiry, and warranted to be true, and having been in respect to a fact which certainly had an important bearing in estimating the probabilities of loss arising from the risk, we entertain no doubt that it was material, and that the court below did not err in holding it to be material, as a matter of law, and, being untrue, a defense to the action, whether intentionally so or not. Armour v. Insurance Co., 90 N. Y. 450; Burritt v. Insurance Co., 5 Hill, 188, 40 Am. Dec. 345; Gates v. Insurance Co., 2 N. Y. 49.

The defendant, by its question, sought for information of the ratio which the plaintiff's yearly losses bore to its yearly sales,—a fact indicating, to some extent, at least, the measure of prudence and good judgment exercised by the plaintiff in extending credit to its customers, and calculated to influence the amount of the premiums

to be demanded; and the value of this information was not impaired because the defendant contemplated insuring only the credits rated on the books of a particular mercantile agency, and not all the credits of the plaintiff.

The remaining question in the case is whether, because the agent of the defendant was in part responsible for the misrepresentation, and the plaintiff signed the application under a misapprehension induced by the erroneous construction placed by the agent upon the meaning of the inquiry answered, the defendant was estopped from availing itself of the defense. If these facts effect an estoppel, the case should have been submitted to the jury, as there was evidence which would have authorized them to find for the plaintiff upon this issue.

There was no provision in the policy making the agent effecting the insurance the agent of the insured, and the single inquiry is whether the plaintiff was responsible for accepting the construction placed upon the question and answered by the defendant's agent, or whether the responsibility for the agent's act in this regard rests upon the defendant. This question has been distinctly passed upon in decisions the authority of which are controlling upon this court. In Insurance Co. v. Wilkinson, 13 Wall. 222, 20 L. Ed. 617, where the agent of the insurer had inserted an erroneous answer to a certain question in the application, and the insured signed the application relying upon the judgment of the agent, and in ignorance of the fact stated, the court held that the insurer was estopped from a defense of breach of warranty, saying, "For the insurer to insist that the policy is void because it contains this statement would be an act of bad faith, and of the grossest injustice and dishonesty." In Insurance Co. v. Chamberlain, 132 U. S. 304, 33 L. Ed. 341, it was held that when the agent of an insurance company fills up the application, or makes misrepresentations or gives advice as to the character of the answer to be given by the applicant, his acts in these respects are the acts of the insurer, and are not to be attributed to the insured. In that case one of the questions propounded in the application was: "Has the applicant any other insurance on his life; if so, what, and for what amounts?" The answer was: "No other." The answer was written by the insurer's agent, and the agent, in answer to inquiries by the applicant, told him that insurance in co-operative societies was not considered insurance, and that the question was properly answered; and thereupon the insured signed the application. The insured had other insurance in co-operative societies, and the insurer set up the misrepresentation as a defense to an action on the policy. Upon the trial the court charged the jury that if they found, upon the evidence, that the applicant fully and fairly stated the facts in regard to the insurance in co-operative companies to the agent, and the agent, knowing all these facts, wrote the answer in the application as it was contained therein, the defendant was estopped from making a defense by reason of the fact that the insured did have insurance in co-operative companies. This instruction was approved by the supreme court, and the court held that the insurer was bound by the construction placed

upon the question by its agent, and was "estopped by every principle of justice from saying that its question embraced insurance in co-operative associations."

In McMaster v. Insurance Co., 183 U. S. 25, 22 Sup. Ct. 10, 46 L. Ed. ——, the policy for life insurance was dated December 18, 1893, and recited that its consideration was the payment in advance of the first annual premium, and the payment of a like sum "on the 12th day of December" in every year thereafter during the continuance of the policy, and allowed a grace of one month for the payment of the premiums subsequent to the first. The policy was delivered to the insured by the agent December 26, 1893, and the insured then asked the agent if the policy would insure him for the period of 13 months. The agent replied that it did so insure him, and thereupon the insured paid the agent the first premium in full. The insured died January 18, 1895, not having paid any further premiums; and the company defended an action on the policy upon the ground that the policy expired January 12, 1895,—being 12 months from December 12, 1893, with the month of grace added. The court held that the insured had the right to rely upon the agent's assurance that the policy would be in force for 13 months, that his omission to read the policy did not affect the operation of the estoppel, and that, as he died before the expiration of the 13 months, the insurer was liable.

It is impossible to distinguish the present case from Insurance Co. v. Chamberlain. The plaintiff may well have supposed that the inquiry about the gross losses referred to those of the class which were to be insured. If plaintiff was led to this belief by the defendant's agent, and signed the application upon that understanding, the defendant ought not to be permitted to assert a different meaning to the inquiry. We conclude that the court should have submitted to the jury the facts of which the estoppel is predicated.

The judgment is reversed.