## SWING, TRUSTEE, v. WELLINGTON ET AL.

[No. 6,509. Filed October 28, 1909.]

1. INSURANCE.—*Place of Contract.*—Where Ohio insurance agents solicited insurance from defendants at Anderson, Indiana, and defendants then and there delivered to such agents their applications requiring the subsequent execution of notes for policies, if issued, and such applications were forwarded by mail to Ohio where policies were issued and mailed to defendants, and defendants signed their notes, as well as their check for the first year's premium, and mailed same at Anderson to the plaintiff in Ohio, such insurance policies are governed by the laws of Indiana. p. 460.

2. CORPORATIONS.—*Foreign.*—*Failure to Comply with State Law.*— *Action.*—*Abatement.*—An action by a foreign corporation which has not complied with the laws of this State giving it a right to transact business, will be abated until a compliance is made. p. 462.

3. CORPORATIONS.— *Insurance.*— *Foreign.*— *Insolvent.*—*Compliance with State Law.*—A foreign, insolvent, mutual fire insurance company in process of liquidation, cannot obtain a right to do business in this State.   p. 463.

4. CONSTITUTIONAL LAW.—*Judgment.*—*Faith and Credit of.*—*Foreign Insurance Companies.*—*Winding Up, by Court.*—*Determination of Amount Due from Policy Holders.*—An *ex parte* order of the supreme court of Ohio determining that a certain sum is due to an Ohio mutual fire insurance company in process of liquidation, from an Indiana policy holder, is binding on such policy holder only as to the necessity and the amount of such assessment.   p. 463.

5. TRIAL.—*Conclusions of Law.*—*Harmless Error.*—*Insurance.*—*Invalidity.*—A conclusion of law that the insurance policy sued on is invalid, if erroneous, is harmless, where other correct conclusions prevented a recovery.   p. 464.

6. APPEAL.—*Right Result.*—Where the trial court reached a right result, its judgment will be affirmed.   p. 464.

From Superior Court of Madison County; *Cassius M. Greenlee,* Judge.

Action by James B. Swing, as trustee for the creditors and policy holders of the Union Mutual Fire Insurance Company, of Cincinnati, Ohio, against James Wellington and another. From a judgment for defendants, plaintiff appeals.   *Affirmed.*

*Oliver H. Carson, Walker & Foster* and *Patterson A. Reece,* for appellant.

*William A. Kittinger, William S. Diven, Marcellus A. Chipman, Sanford M. Keltner* and *Edgar E. Hendee,* for appellees.

MYERS, J.—From the complaint in this cause it appears that the supreme court of Ohio appointed James W. Swing to act as trustee for the creditors and policy holders of the Union Mutual Fire Insurance Company of Cincinnati, Ohio, and that he afterwards qualified, and, by order of that court,

brought this action against appellees to enforce the payment of $289.34, alleging that said amount had been fixed by a decree of the supreme court of Ohio as the amount due to said company from appellees by reason of certain policies of insurance held by them. A demurrer to the complaint was overruled. Appellees answered in eight paragraphs. The first, in substance, averred that neither said insurance company, which was a foreign corporation, nor its agent, who solicited appellees to take policies of insurance, was licensed to do business in Indiana, and had not complied with the laws of this State respecting foreign insurance companies; that appellees were operating a flour-mill and elevator, and were residents of this State; that at the city of Anderson, Indiana, they signed a written application to said company for insurance, with notes attached covering the amount of premium which might become due on account of said policies; that afterwards policies of insurance were issued to appellees by the company and delivered to them at Anderson, Indiana; that all premiums due for insurance were paid and all policies and notes canceled and surrendered.

The second paragraph admitted that appellees, from December 1, 1888, to October 1, 1890, carried two policies of insurance with said company on property owned by them as partners in Anderson, Indiana, and that was the only business relation ever existing between said company and appellees; that the insurance contract entered into was one governed by the laws of Indiana; that neither said company nor its agent ever complied with the laws authorizing it or its agent to do business in this State.

The third and fourth paragraphs averred that the cause of action did not accrue in six and ten years, respectively.

The fifth paragraph was a general denial.

The sixth paragraph, as amended, proceeded upon the theory that appellees, through the misrepresentations of the company's agent regarding the right or authority of the company to assess appellees in excess of an agreed premium of

$40 per thousand per annum, and also as to the meaning and effect of certain specific clauses in the application and contract of insurance, which misrepresentations appellees relied on and believed to be true, and without any knowledge or means of ascertaining the truth or falsity of said representations, did make an application to said company for policies of insurance, and received and accepted two policies at the city of Anderson, Indiana, and did execute two promissory notes of $200 each, etc.

The seventh paragraph, in substance, showed that while the company was still in business, a difference arose between it and appellees as to said contracts of insurance, and, for a valuable consideration paid by appellees, the company released and canceled the contracts, and surrendered to appellees the notes for all unpaid premiums, and each released and discharged the other from all obligations whatsoever.

A demurrer was sustained to the eighth paragraph, and no question is presented on that ruling. A reply in denial closed the issues.

The issues thus formed were tried by the court, special findings made, conclusions of law stated thereon, and judgment rendered in favor of appellees.

The record before us contains several assignments of errors, but from an examination of appellant's brief, under the heading of Points, it is clear that the appellant is relying only upon the assignments that the court erred in its conclusions of law and in overruling his motion for a new trial.

In substance, the findings show that the Union Mutual Fire Insurance Company, of Cincinnati, Ohio, was incorporated in the year 1887, in the State of Ohio, pursuant to the laws of that state, with its place of business at Cincinnati, Ohio. The purpose of the corporation was to insure its members, residents in or out of the State of Ohio, against loss or damage by fire or lightning to buildings used for various purposes, and their contents. The law under which said company was incorporated made provision for the payment of

losses and incidental expenses by assessment on its members. A copy of three sections of the statutes of Ohio, under which said company was authorized to do business, was made a part of the findings.   With other provisions of these sections, it is provided that a person who effects insurance and continues to be insured in such a company becomes a member thereof during the period of insurance, and is bound to pay for losses and incidental expenses, as they accrue to the company, in proportion to the original amount of his deposit note or contingent liability; that "the directors shall, as often as they deem necessary, settle and determine the sum to be paid by the several members thereof, and publish the same in such manner as they may choose, or as the by-laws prescribe, and the sum to be paid by such member shall always be in proportion to the original amount of such liability, and shall be paid to the officers of the company within thirty days after the publication of such notice."   It is provided that the capital of the company shall be kept unimpaired, by assessing its members the amount needed to pay losses and expenses, in proportion to their several liabilities.   The refusal of a member for thirty days, after the publication of said notice, and after the demand for payment, to pay the sum assessed against him gives the directors authority to sue for and recover the whole amount of contingent liability.   The additional findings substantially cover all of the facts pleaded in the first, second, sixth and seventh paragraphs of answer.

Upon these findings the court stated conclusions of law as follows:  "(1)   The contract of insurance under consideration is unlawful and invalid.   (2)   There can be no recovery for an assessment upon the policies issued to defendants pursuant to such contract.   (3)   That the plaintiff recover nothing herein, and that the defendants recover their costs."

. Under the first assignment of error our attention is directed to the question, Was the contract of insurance an Ohio or an Indiana contract?

From the special findings it appears that in November, 1888, the appellees were partners, and owned and operated an elevator and flour-mill in the city of Anderson, Indiana; that during said month, and for years prior thereto, and ever since, appellees have resided and had their place of business in said city; that in said month of November, and for sometime thereafter, the Union Mutual Fire Insurance Company, of Cincinnati, Ohio, was a corporation organized under the laws of the State of Ohio, and for which, as well as all others concerned, appellant Swing was acting as trustee, sent its authorized agent into Indiana and to said city of Anderson to solicit insurance, and while there said agent called upon appellees at their place of business, and solicited from them, and then and there obtained from them, two written applications to said company for two policies of insurance of $1,000 each; that applications were signed by appellees, and then and there delivered to said agent; that by the terms of said applications notes were to be given, which said agent stated would be sent to appellees by the company for execution; that thereafter said company, in accordance with said application, forwarded to appellees one of its forms of notes and written applications, which contained a description of the property as it was written in the first application made by appellees and delivered to said agent at said city of Anderson, and at the bottom thereof and attached to said second application was also a promissory note filled out for $200; that appellees signed said note, in accordance with their former written agreement so to do, and returned it to said insurance company; that shortly thereafter said company delivered to appellees at Anderson, Indiana, its two certain policies of insurance. Copies of the policies are made a part of the findings. Along with said policies, another note of like terms and for the same amount as the first, was received by appellees at Anderson, Indiana, and there signed by them, and with their check for $80, on which said company received $80 in money—the first year's

premium on both of said policies—was sent to the company by mail. Both policies were of date of December 1, 1888. No place of payment of the notes, nor any assessment thereon, was designated in the notes, in the applications, in the contracts of insurance, nor in the by-laws of said company, nor was any place of payment named in case of loss. It also appears that at the time the applications were signed and delivered to said company's agent at Anderson, Indiana, it was understood and agreed between appellees and said agent that the former should not be liable for assessments beyond a fixed sum of $40 per thousand dollars of insurance in any one year, and that the policy should contain such provisions as not to make appellees liable for assessments, as is the case of mutual insurance companies; that appellees had no data or means of knowing the provisions contained in the policies, other than as they were informed by said company's agent.

On the part of appellant it is claimed that because ·the contracts were written and signed at Cincinnati, Ohio, and there deposited in the mail, postage prepaid, and addressed to appellees at Anderson, Indiana, the contracts were governed by the laws of Ohio. Appellant's proposition does not take into account the findings to the effect that the contracts were not to become executed until received and inspected by appellees at Anderson, Indiana, nor many other facts found which bear upon this question. Considering all of the facts bearing upon the question we are now considering, the weight of authority requires us to hold that the contracts in question were Indiana contracts and governed by the laws of this State. *Carrollton Furniture Mfg. Co.* v. *American Credit, etc., Co.* (1902), 115 Fed. 77, 52 C. C. A. 671. Also see *Carrollton Furniture Mfg. Co.* v. *American Credit, etc., Co.* (1903), 124 Fed. 25, 59 C. C. A. 545; *Kelley* v. *Mutual Life Ins. Co.* (1901), 109 Fed. 56; *Thompson* v. *Traders Ins. Co.* (1902), 169 Mo. 12, 68 S. W. 889; *Hartford Fire Ins. Co.* v. *Whitman* (1906), 75 Ohio St. 312, 79 N. E. 459; *Mutual Life Ins. Co.* v. *Hathaway* (1901), 106 Fed. 815, 45 C. C. A.

655; *Fidelity Mut. Life Assn.* v. *Jeffords* (1901), 107 Fed. 403, 46 C. C. A. 377, 53 L. R. A. 193; *Provident Sav., etc., Soc.* v. *Hadley* (1901), 102 Fed. 856, 43 C. C. A. 25; *People's Bldg., etc., Assn.* v. *Markley* (1901), 27 Ind. App. 128; *Grevenig* v. *Washington Life Ins. Co.* (1903), 112 La. 879, 36 South. 790, 104 Am. St. 474; *Plaut* v. *Mutual Life Ins. Co.* (1899), 26 Ohio C. C. 499; *Millard* v. *Brayton* (1901), 177 Mass. 533, 59 N. E. 436, 52 L. R. A. 117, 83 Am. St. 294.

The findings further show that at no time was there any attempt on the part of said company or of appellant Swing to comply with the laws of Indiana regarding the admission of foreign mutual life insurance companies into this State to do business, nor did said agent ever comply with the laws of this State authorizing him to act as such agent or to do business for said company in this State; that said company, prior to the bringing of this action, was, by a decree and judgment of the supreme court of Ohio, dissolved and ousted from doing any further business as a corporation; that appellant Swing was appointed trustee for the purpose of winding up and adjusting the affairs of said company; that said company has had no power, right or franchise to do business or act as a corporation since the date it was dissolved as aforesaid.

Were this an action by a corporation as a going concern, and the question properly presented, there would be no doubt, under the decided cases in this State, that its remedy to enforce the payment of the assessments, for which this action was brought, would be suspended until there was a compliance with our statutory requirements. *North Mercer Nat. Gas Co.* v. *Smith* (1901), 27 Ind. App. 472; *Clarke* v. *Darr* (1901), 156 Ind. 692; *Phenix Ins. Co.* v. *Pennsylvania R. Co.* (1893), 134 Ind. 215, 20 L. R. A. 405; *Walter A. Wood, etc., Mach. Co.* v. *Caldwell* (1876), 54 Ind. 270, 23 Am. Rep. 641; *Security Sav., etc., Assn.* v. *Elbert* (1899), 153 Ind. 198; *Daly* v. *National Life Ins. Co.* (1878), 64 Ind. 1.

But in this case it is apparent from the findings that a compliance with the laws of this State, relating to the right of foreign mutual fire insurance companies to transact business in this State, cannot be complied with by appellants. Acts 1905, p. 113, §4663 Burns 1908. And this being true, it follows that the facts found are sufficient, not only to abate, but as a complete bar to this action. *Wiestling* v. *Warthin* (1891), 1 Ind. App. 217; *Chicago, etc., Stone Co.* v. *Nelson* (1904), 32 Ind. App. 355; *Moore* v. *Sargent* (1887), 112 Ind. 484, 487; *Pitts Sons' Mfg. Co.* v. *Commercial Nat. Bank* (1887), 121 Ill. 582; *Rea* v. *Hayden* (1807), 3 Mass. 24; *Stewart* v. *Potomac Ferry Co.* (1882), 12 Fed. 296.

Appellant also insists that the lower court did not give full faith and credit to the judicial proceedings of the supreme court of Ohio as required by article 4, §1, of the United States Constitution, in that it permitted the appellees to set up a defense to appellants' claim. In this particular the trouble arises from a difference of opinion regarding the scope of the judgment and order of that court. It is clear that the Ohio court, in making the assessment here sued on, acted in the place of the board of directors of a live corporation, and therefore the decree in that proceeding is conclusive as to the necessity for and the amount of the assessment, but foreclosed no right to defend against it on any other grounds. *Swing* v. *Rose* (1906), 75 Ohio St. 355-366, 79 N. E. 757.

Appellees assert that they were not members of the corporation, or if so, they had paid and satisfied all claims or demands of the corporation for which they were liable under their contracts prior to the order dissolving the corporation and the order of assessment. It is not claimed that the appellees were before the supreme court of Ohio, at the time said orders were made, by any notice or other process, but that the court acquired jurisdiction over them personally by reason of their corporate membership. If they were members

of the corporation, any judgment affecting the corporation as an entity would bind them, but not so as to any order affecting their individual liability to the corporation. Appellant Swing stands in the place of the corporation in respect to the collection of the assessment made by the court, and the court acted in the place of the board of directors in determining the necessity for, and the amount of, the assessment. In our view of this case, any defenses, which appellees might have presented in case the suit had been brought by the corporation, are available in a suit against them by appellant Swing as trustee. *Great Western Tel. Co.* v. *Purdy* (1896), 162 U. S. 329, 16 Sup. Ct. 810, 40 L. Ed. 986; *Swing* v. *Rose, supra; Society Perun* v. *Cleveland* (1885), 43 Ohio St. 481, 3 N. E. 357.

Returning to the conclusions of law, we are not prepared to say that the first was not erroneous, for the reason that the contracts, on account of which the assessment was 5. made, were not invalid. But, in view of the conclusions reached by us, the second and third conclusions of law were correct, and, being correct, the first, if erroneous, was harmless and furnishes no ground for a reversal of the judgment.

Appellant Swing, in support of his motion for a new trial, challenges the sufficiency of the evidence to support the special findings. Upon a careful consideration of the evidence, and the inferences which might reasonably be drawn therefrom, we cannot say that the findings are unsupported by legitimate evidence.

Looking to the entire record before us, we are of the opinion that this cause, upon its merits, was fairly tried 6. and determined in the court below. §700 Burns 1908, §658 R. S. 1881.

Judgment affirmed.