## SWING, TRUSTEE, v. MARION PULP COMPANY.

[No. 6,909. Filed February 22, 1911.]

1. CONTRACTS.—*Lex Loci Contractus.*—*Offer and Acceptance.*— *Letters.*—Where a person makes an offer by letter and it is accepted by the offeree by the mailing of a letter of unconditional acceptance, the contract is complete at the time and place of the mailing of the letter of acceptance. p. 203.

2. CONTRACTS.—*Insurance.*—*Offer and Acceptance.*—*Optional Policies.*—Where defendant applied for an insurance policy at the office of the company at Cincinnati, Ohio, and a policy was duly mailed to the applicant, but the policy contained a privilege to the applicant to return it within a specified time, the contract was not complete until such time expired, and the place of the contract is the residence of the applicant. p. 203.

3. CONTRACTS.—*Insurance Policies.*—*Options.*—*Acceptance.*—Where an applicant receives an insurance policy containing an option whereby he may return it within a certain time, his intentional or unintentional retention of the policy beyond such time constitutes an acceptance of the policy. p. 203.

4. APPEAL.—*Weighing Evidence.*—The Appellate Court cannot weigh conflicting evidence. p. 203.

From Grant Superior Court; *P. H. Elliott*, Judge.

Action by James B. Swing, as trustee of the Union Mutual Fire Insurance Company of Cincinnati, Ohio, against the Marion Pulp Company. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Todd & Rauch* and *Patterson A. Reece,* for appellant.
*St. John, Charles* and *Gemmill,* for appellee.

MYERS, C. J.—James B. Swing, as trustee for the creditors of the Union Mutual Fire Insurance Company, of Cincinnati, Ohio, brought this action against the Marion Pulp Company, as a policy-holder in said company, to recover an assessment alleged to be due and unpaid.

The complaint, in substance, shows that the Union Mutual Fire Insurance Company of Cincinnati, Ohio, hereafter referred to as the company, on December 18, 1890, was disincorporated by a decree entered by the supreme court of Ohio, and on June 11, 1901, by a decree of that court, defendant was assessed $290.80; that said company was a mutual fire insurance company incorporated under the laws of Ohio; that at the time the policies were issued to the defendant said laws in force provided that every person who effects insurance in a mutual company and continues to be insured shall thereby become members of the company during the period of insurance, and shall be bound to pay for losses, and for such necessary expenses as accrue in and to the company, in proportion to the original amount of his deposit note or contingent liability, and fixing such contingent liability at not less than three nor more than five annual cash premiums, as written in the policy; that by reason of said policies held by defendant, it incurred a contingent liability of five times the amount of its annual premium.

Defendant answered in four paragraphs. The first was a general denial. The second admitted that the defendant contracted with said company for the policies named in the complaint; that said policies were issued by said company

to defendant; but in substance it is averred that at the time said contracts of insurance were entered into, and at the time of the final dissolution of said company, and at the time plaintiff was appointed as trustee to wind up its affairs, it was a foreign insurance company, organized under the laws of the State of Ohio, and during all of that time, and continuously thereafter, defendant has been and is now a resident of Grant county, Indiana; that said property named in said policies of insurance is located in Grant county, Indiana; that said contracts were made, and said policies delivered to defendant in said county and state; that at the time said contracts were made and delivered to defendant, said company had not complied with the laws of the State of Indiana relating to foreign insurance companies' doing business in this State, nor has said insurance company at any time since the making of said contracts and the issuing and delivering of said policies complied with said laws of Indiana, wherefore said contracts are null and void. The third and fourth paragraphs averred that plaintiff's cause of action did not accrue within six and ten years, respectively.

Plaintiff, for reply to the affirmative paragraphs of answer, admitted that at the time the policies referred to in the answer were issued, and thereafter until the date of dissolution and ouster of the company, it was a foreign insurance company, incorporated under the laws of the State of Ohio, having its home office at Cincinnati, and that defendant was at all times and still is a resident of Indiana; that at the time said contracts of insurance were made, issued and delivered to said defendant, said insurance company had not complied with the laws of Indiana, and had not, and never has obtained a certificate from the Auditor of State granting said company authority to do business within the State of Indiana; and denies each and every allegation of said answer not specifically admitted.

The issues thus formed were submitted to the court for

trial, resulting in a finding and judgment in favor of defendant and against plaintiff. Appellant's motion for a new trial was overruled, and this ruling is assigned as error. In support of said motion, it is insisted that the judgment of the court below is contrary to law, and against the evidence adduced in the case.

From the evidence, in addition to the facts admitted in the pleadings, it appears that the property said to have been insured was situated in Grant county, Indiana; that an agent of said company at the city of Marion solicited and received from appellee an application for insurance from said company, covering said property; that said agent delivered said application to said company at its home office, in Cincinnati, Ohio, upon which application policies of insurance were thereafter issued by said company, and through the medium of the United States mail were, by said company, sent to the appellee, at Marion, Indiana; that accompanying each policy was a letter, signed by the secretary of the company, addressed to appellee, requesting the latter to return the policies on or before the 25th of the month, in case the terms on which they were sent were not satisfactory; that said company was a foreign insurance company organized under the laws of the State of Ohio; that on December 18, 1890, the supreme court of Ohio ordered and decreed that said company be ousted and excluded from being a corporation, and from further exercising or using the franchises, privileges and power of a corporation, and appointed appellant trustee for the creditors and stockholders of said company; that said Swing accepted said appointment, qualified and entered upon the duties of his said trust; that on June 16, 1891, in an ex parte proceeding, the assessment here in question was ordered by said supreme court, on the basis of five times the cash premium stated in the contracts.

Appellant insists that, under the evidence, the contracts were made in Ohio, and that they are governed by the laws

of that state, while appellee contends that they were made in Indiana. All must agree that "the law in regard to the making of contracts by mail is that when a letter containing a proposition is forwarded by mail to be accepted or declined in like manner, if the person to whom it is addressed unconditionally accepts the proposition by letter, and mails it to the person from whom the proposition came, the contract is complete as soon as the letter of acceptance is deposited in the mail." Parsons, Contracts (7th ed.) *484. See, also, *Horton* v. *New York Life Ins. Co.* (1899), 151 Mo. 604, 619; *Equitable Life Assur. Soc.* v. *Perkins* (1908), 41 Ind. App. 183.

Appellant omits to take into consideration the fact that the contracts were sent to appellee conditionally; that is to say, it had the privilege of returning them to the company within a specified time in case the terms on which they were sent were not satisfactory, and thus end the negotiations. While the company may have unconditionally accepted appellee's application, it is certain that the contracts were not completed until the latter's acceptance. Appellee, at Marion, Indiana, received the contracts and retained them beyond the time allowed for their return. Its failure to take advantage of its option in this respect was, in effect, an act of acceptance, and the last act necessary to complete the contracts. Whether appellee's acceptance was in writing, mailed to the company, or the time within which the contracts might have been returned was allowed to pass, either intentionally or unintentionally, can make no difference, for in either event it was a proposition to appellee acted upon in Indiana, and, being the final act of the parties, such contracts will be regarded as made in Indiana. *Equitable Life Assur. Soc.* v. *Perkins, supra.*

The court below evidently found that the contracts were made in this State, and as there is evidence in the record from which such finding might be in-

ferred, the judgment, for want of evidence in this particular, will not be disturbed.

Our conclusion as to the place where the contracts were made brings this case within the principles announced by this court in the case of *Swing* v. *Wellington* (1909), 44 Ind. App. 455, and on the authority of that case the judgment in this case is affirmed.