FLORENCE E. FLEMING *et al. v.* J. G. McCRORY COMPANY, WEST VIRGINIA, *a corporation*

(CC 486)

Submitted September 20, 1933.   Decided December 12, 1933.
(Rehearing denied March 27, 1934)

*Russell, Hiteshew, Adams & Hill, Deveny & Furbee,* and *Moreland & Guy,* for plaintiffs.

*J. Harper Meredith* and *Haymond & Haymond,* for defendant.

LITZ, JUDGE:

This certificate involves the action of the trial court in overruling a demurrer to the intervening petition of Irving Trust Company (a New York corporation), trustee in bankruptcy, filed in the suit, and sustaining demurrers to special pleas interposed to the petition.

On January 14, 1933, McCrory Stores Corporation, a holding company incorporated under the laws of Delaware and having its principal place of business in the city of New York, was adjudged a voluntary bankrupt by the United States District Court for the Southern District of New York. On the same date, the court appointed the said Irving Trust Company receiver of the property and assets of the bankrupt, with authority to continue its business. The trust company, as such receiver, filed its petition in the proceeding, January 30, 1933, alleging that the bankrupt had been operating, through subsidiary corporations, a chain of retail stores (commonly called five and ten cent stores) in various states; that all of the capital stock (except necessary qualifying shares) in the subsidiaries was owned by the bankrupt; that the subsidiary operating in West Virginia is known as ''J. G. McCrory Company, West Virginia''; that the subsidiaries and holding company, having a common board of directors, were managed from the office of the holding company in New York; that the proceeds from the business of each subsidiary, after payment of certain of the operating expenses, were deposited in its own name in a local bank; that the sums so deposited were transmitted at regular intervals by the local bank to the New York bank account of the bankrupt; that the store rentals of a subsidiary were paid from a bank account maintained for that purpose by the bankrupt in New York in the name of the subsidiary; that all the merchandise sold by the subsidiary (except perishable goods obtained locally, amounting to about one per centum of the stock) was purchased and paid for by the bankrupt; that the assets of the subsidiary consisted entirely of its initial capital and subsequent credit, furnished by the bankrupt; that ''in many instances'' the premises in which the subsidiary conducted its business had been leased directly to the bankrupt; and

that all district, store and assistant store managers were employed and paid by the bankrupt. The petition prayed for an order adjudging "that all of the property and assets belonging to each and all of the subsidiary operating companies * * * were at the time of the filing of the petition in bankruptcy * * * the property and assets of the bankrupt". On the date of the filing of the petition, the referee in bankruptcy issued an order, returnable the following morning, requiring the subsidiaries to show cause why the prayer of the petition should not be granted. The referee entered an order January 31, 1933, reciting the appearance, by counsel, of the several subsidiaries without opposing the relief sought, and the appointment of the Irving Trust Company as trustee for the bankrupt, adjudged that all of the property and assets of the subsidiary corporations were owned by the bankrupt at the time of the filing of its petition in bankruptcy, and that title thereto was vested in Irving Trust Company as such trustee.

The bankrupt never qualified to do business in this state, as required by section 79, article 1, chapter 31, Code 1931, in order to "hold any property or transact any business, or bring or maintain any action, suit or proceeding in this state, where the cause of action arises out of the holding of property or doing business therein * * *."

On March 22, 1933, plaintiffs, Florence E. Fleming, Stern Brothers, Inc., a corporation, and Stephen D. Hirschmann, filed their bill in this cause against J. G. McCrory Company, West Virginia, alleging that defendant is a West Virginia corporation operating, in its own name, about fourteen retail stores in this state, three of which are conducted in buildings owned separately by plaintiffs and leased by them to defendant for a period of years; that defendant is in arrears in the payment of rents reserved in the lease contracts between it and plaintiffs; that McCrory Stores Corporation and its West Virginia subsidiary were solvent on January 14, 1933; that the jurisdiction under which the referee assumed to act in the bankruptcy proceeding was procured through the fraudulent acts of defendant and its attorneys (without notice to its creditors) for the purpose of "rendering valueless its obligations" to its various lessors; that no schedule of assets

or liabilities has been filed in the bankruptcy proceeding, nor any regular meeting of creditors held or called; that a petition has been filed by Irving Trust Company, trustee, with the referee in bankruptcy praying for authority to disaffirm approximately sixty-eight leases of property in which McCrory Stores Corporation or its subsidiaries operate stores, including the leases with plaintiffs. The bill prayed for the appointment of receivers for all of the property of the defendant in West Virginia. Upon an ex parte application, March 22, 1933, the court appointed Thomas I. Brett and Carl Langfitt receivers in accordance with the prayer of the bill.

Irving Trust Company, trustee, appearing specially, filed its petition in the cause, April 15, 1933, restating the facts alleged in its petition filed in the bankruptcy court upon which the property in possession of the subsidiaries was adjudged to be assets of the bankrupt, and averring that upon its appointment as receiver and trustee of the bankrupt, it took possession and control of all the property and assets of the holding company and subsidiaries (except such as are held in the custody and control of ancillary receivers in bankruptcy appointed outside of New York), and proceeded to manage and operate the business of the defendant, until March 23, 1933, when it was ousted by the receivers appointed in this cause, who have since remained in possession and control of the business. The petition further avers that plaintiff, Stern Brothers, Inc., has appeared in the bankruptcy suit; and prays for the entry of an order directing Brett and Langfitt to surrender to petitioner all the property and assets coming into their possession as receivers of defendant.

Plaintiffs demurred to the petition on the grounds (1) that McCrory Stores Corporation never owned the property now in the hands of the receivers in this cause; and (2) that the referee in bankruptcy did not have jurisdiction to enter the order of January 31, 1933, adjudicating title thereto in petitioner.

Plaintiffs also filed two special pleas. The first averred that McCrory Stores Corporation, not having complied with section 79, article 1, chapter 31, Code 1931, was not qualified to

transact business in this state; and that the trustee had no better right than the bankrupt. The second plea charged that the petitioner was attempting to exercise the powers of a banking institution without complying with section 7, article 4 of said chapter 31 of the Code.

Petitioner demurred to the pleas because (1) they do not allege any facts showing that either the bankrupt or the trustee had violated or disregarded any state laws; and (2) a trustee in bankruptcy is an officer of the bankrupt court appointing him, and as such is not dependent upon or subject to any state regulation.

This suit necessarily involves the validity of the order of the bankruptcy court, adjudicating in the bankrupt title to the property held by defendant. The petition of Irving Trust Company as receiver, filed in the bankruptcy proceeding, did not affirmatively allege ownership in the bankrupt, but stated facts from which such ownership might ordinarily be inferred, especially if equity and justice would be thereby promoted. But as a foreign corporation cannot hold property or transact business in this state without qualifying under the statute, the facts stated in the petition on which the adjudication was based, show no title in the bankrupt, and are therefore, in our opinion, insufficient to confer upon the bankrupt court constructive possession of the *res*. The attempted adjudication is, on its face, without jurisdiction as against the plaintiffs. Section 70a, of the Bankrupt Act provides: "The trustee of the estate of a bankrupt, upon his appointment and qualification * * * shall * * * be vested by the operation of law with the title of the bankrupt as of the date he was adjudged a bankrupt * * * to all property which prior to the filing of the petition he could by any means have transferred, or which might have been levied upon and sold under judicial process, against him." As the law of West Virginia does not recognize in a foreign corporation (which has not qualified under the statute to do business in this state) title to property in this state, the property held by defendant could neither be assigned by the bankrupt nor levied upon under judicial process against it.

Where a foreign corporation fails to comply with a statute giving it the right to transact business within the state, its

trustee in bankruptcy cannot maintain an action on a claim arising therein. *Swing* v. *Wellington,* 44 Ind. App. 455, 89 N. E. 514. Similar rulings will be found in *Hogan* v. *Inter-type-Corporation,* (Ark.) 206 S. W. 58, and *Stadtler* v. *Southern Surety Co.,* (Tex.) 253 S. W. 681.

Moreover, the bill makes a case of fraudulent jurisdiction, imposed upon the New York Bankruptcy Court by defendant for the purpose of defrauding the plaintiffs, Florence E. Fleming and Stephen D. Hirschmann, and other creditors.

The two corporations being separate legal entities, the assets of one are not assets of the other. The ownership by the McCrory Stores Corporation of the capital stock of defendant does not vest title to the physical properties of the latter in the former. It was contended in *Wilson* v. *Williams Hardware Company,* 32 Fed. (2d) 103, that property in West Virginia belonging to a domestic corporation should be treated as assets of a foreign corporation, in bankruptcy, which had never qualified to do business in this state, upon the claim that the bankrupt owned all the stock of the domestic corporation and had in fact been doing business in the state by the use of its name. The circuit court of appeals of the fourth circuit, in rejecting the claim, after observing that the alleged practice on the part of the bankrupt would have constituted a fraud in the evasion of license taxes and the statute requiring foreign corporations to qualify before doing business in the state, said: "* * * there is a difference between owning the stock in a corporation and owning its assets. The latter do not pass to the trustee in bankruptcy of a stockholder, even if he be the sole stockholder; for, even though an individual acquire all of the stock of a corporation, he and the corporation are not one and the same, but are distinct and separate legal entities, and must be so treated. 1 Fletcher's Cyclopedia of Corporations, p. 47; *Humphreys* v. *McKissock,* 140 U. S. 304, 11 S. Ct. 779, 35 L. Ed. 473; *Conley* v. *Mathieson Alkali Works,* 190 U. S. 406, 409, 23 S. Ct. 728, 47 L. Ed. 1113; *Peterson* v. *C., R. I. & P. R. Co.,* 205 U. S. 364, 391, 27 S. Ct. 513, 51 L. Ed. 841; *Old Dominion Copper Mining & S. Co.* v. *Bigelow,* 203 Mass. 159, 89 N. E. 193, 40 L. R. A. (N. S.) 314, 334.''

The rulings of the circuit court are reversed and the cause remanded.

*Reversed and remanded.*